PHINEAS C. HALL and SAMUEL B. HALL, plaintiffs in error
    _v._ AUGUSTINE BYRNE & Co., defendants in error.

### _Error to Jackson._

A mortgage of lands is not a note, bond, bill, or other instrument in writing
    within the meaning of the act in relation to promissory notes; and a want of
    consideration, or a failure of consideration cannot be pleaded to a _scire facias_
    to foreclose a mortgage.
Statutes which treat of things or persons of an inferior rank, cannot, by any _gene-
    ral words_ be extended to those of a superior.

THIS was a _scire facias,_ brought to foreclose a mortgage. The
consideration expressed in the mortgage is one dollar in hand
paid by the mortgagee; and in the defeasance reciting that James
Hall, Jr. is indebted to the mortgagee by note due the 1st of
May, 1827, in the sum of $997,74.

The defendants below pleaded three pleas : 1. A want of con-
sideration; 2. A failure of consideration; and 3. A part failure
of consideration.

To each of these pleas the plaintiffs below filed a general de-
murrer, and the Court sustained the demurrer, and gave judgment
for the plaintiffs below.

The cause was decided at the April term, 1834, of the Jack-
son Circuit Court, by the Hon. Thomas C. Browne.

W. J. GATEWOOD and W. B. SCATES, for the plaintiffs in
error.

If an action at law be commenced upon any note, bond, bill, or
_other instrument in writing_ for the payment of _money or pro-
perty,_ or the performance of covenants or conditions by the
obligee or payee thereof, and there was no consideration, or it
has in the whole or in part failed; it may be pleaded, and judg-
ment shall be given for the defendant according to the fact.
R. L. 482, § 5.(1)

It is laid down that at common law, six things should concur
to make a good and valid contract; the fourth of which is, that
there be a good and sufficient consideration or _quid pro quo :_
this had relation to parol contracts or agreements.   Comyn on
Cont. 2, 7, 8, 9, 13; Chit. on Cont. 2–16, and authorities there
cited; 2 Blac. Com. 442–445, at notes 8, 9, 10; 3 Bos. & Pul.
294, note; Carson _v._ Clark, decided Dec. term, 1823.(2)

In Pillans _v._ Van Mierop, it was held that there could not be
a _nudum pactum_ in writing.   Comyn on Cont. 7; 3 Burr. 1671.

This doctrine was overruled in the case of Mary Hughes' Exrs.
_v._ Isabella Hughes' Admrx., 7 Term R. 350 _n. a._; 7 Bro. Parl.
Cas. 551, S. C., where it was held that in all contracts, whether

(1) Gale's Stat. 526.                    (2) _Ante_ 113.

they be in writing or not, if they be not *specialties,* a *considera-tion must be proved.* Comyn on Cont. 8, and note 4, 9, and note 5 ; 2 Kent Com. 463–468.

But our statute has placed *specialties* on the same footing with *simple* contracts at common law, if a plea of a want or failure, or part failure of consideration, be pleaded. R. L. 483, § 5.

A *scire facias* (except in some few cases) is a new action. 3 Saund. 71, note 4. It commands the sheriff that by good and lawful men he make known, &c. ; and the sheriff's return is, that by good and lawful men, naming them, he made known, &c. Id. 617, 70.

It has been decided not to be amendable. 2 Tidd Pr. 1037 ; and the *scire facias* by our statute is substituted in the place of a declaration. R. L. 486, § 43.(1) Consequently, it must pos-sess all the requisites of form and substance of a good declaration. Before the statute, any defect in these, or the sheriff's return, must have been objected to by motion to *quash.* 2 Tidd Pr. 1037 : but since the statute, it is in the nature of a declaration, and not a summons : the objection is not in abatement by motion to *quash,* but by plea or demurrer. The demurrer opens the whole of the pleadings, and although the pleas may be defective, yet the Court may look into the *scire facias,* and if it be defec-fective, give judgment against the plaintiffs. 1 Chit. Pl. 647.

A. F. GRANT and H. EDDY, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was a *scire facias* brought on a mortgage of land, to sell the premises under the 18th section of the act entitled, " *An act concerning judgments and executions.*"(2) To the *scire facias* the defendants below pleaded three pleas, to wit : 1st. That there was no consideration for executing the mortgage ; 2d. A failure of consideration ; 3d. A part failure of consideration. To these pleas the plaintiffs below demurred, and the Circuit Court sustained the demurrer, and gave judgment for the amount due on the mortgage, and that the lands mentioned therein be sold to satisfy the same. To reverse this judgment a writ of error has been brought to this Court, and the only error assigned is, that the Circuit Court erred in sustaining the demurrer to these pleas. To support this assignment, the counsel for the plaintiffs in error rely on the 5th section of the " *Act relative to promissory notes, bonds, due bills, and other instruments in writing*(3) *and making them assignable.*" This section provides that " In any action commenced or to be commenced in any court of law in this State, upon any note, bond, bill, or other instrument in writing, for the payment of money or property, or the perform-

(1) Gale's Stat. 529.        (2) R. L. 376 ; Gale's Stat. 393.
(3) R. L. 483 ; Gale's Stat. 526.

ance of covenants or conditions, by the obligee or payee thereof, if such note, bond, bill, or instrument in writing was made or entered into without a good or valuable consideration; or if the consideration upon which such note, bond, bill, or instrument in writing, was made or entered into, has wholly or in part failed, it shall be lawful for the defendant or defendants against whom such action shall be commenced by such obligee or payee, to plead such want of consideration, or that the consideration has wholly or in part failed."

Under the pleadings, the question presented for the consideration of this Court, is whether a mortgage, executed and recorded according to the statute, is a " note, bond, bill, or other instrument in writing, for the payment of money or property, or the performance of covenants or conditions by the obligee or payee thereof," and liable to be defeated by either of the pleas above mentioned. To arrive at a satisfactory answer, it is necessary to enquire into the nature and effect of a mortgage. "A mortgage is a conveyance of lands, by a debtor to his creditor, as a pledge or security for the repayment of money due; with a proviso that such conveyance shall be void on payment of the money and interest, on a certain day; and in the event the money be not paid at the time appointed, the conveyance becomes absolute at law, and the mortgagor has only an *equity of redemption;* that is, a right in equity, on payment of principal, interest, and costs, within a reasonable time, to call for a re-conveyance of the lands."(1)

From this definition, a mortgage of lands (the execution of which is attended with many legal solemnities, and must be acknowledged and recorded, as are all other deeds affecting real estate) cannot be such an instrument in writing as is contemplated by the 5th section of the act aforesaid. A mortgage is certainly not made negotiable by the act, nor is it an instrument for the direct performance of covenants or conditions by the obligee or payee, although it is subject to be defeated by the payment of money. Mortgages were in common use when this statute was passed, and had the legislature intended to have them defeated by such pleas as were interposed in this case, there can be no doubt that they would have been enumerated. It is also evident that mortgages were not intended to be embraced within the act, because the legislature use the words " obligee or payee," when designating the plaintiff to whose action these pleas may be pleaded, instead of the term " mortgagee." The terms " obligee or payee" have a technical and definite meaning in the statute under consideration, and apply only to notes, bonds, and bills, whether such notes, bonds, or bills are given for the payment of

(1) Cruise's Dig. 89.

money or property, or the performance of covenants or conditions, and not to mortgages.

It is also a well settled rule of the common law, that statutes which treat of things or persons of an inferior rank, cannot by any *general words* be extended to those of a superior.(1)  Mortgages are clearly instruments of a higher dignity than bonds, promissory notes, or bills, because greater solemnity is required in their execution.  They are required to be recorded, and the same remedy given as in case of judgments.  The Court therefore conclude, as well from the general scope and object of the act relative to "promissory notes, bonds, due bills, and other instruments in writing and making them assignable," as from the consideration that the proceeding authorized in this case is by *scire facias*, and founded on a record, that a mortgage is not embraced in the 5th section of the act above mentioned, and consequently the pleas were correctly overruled by the Court below.

Judgment is affirmed with costs.

*Judgment affirmed.*