GEORGE N. MALSBERGER, assignee of FANNIE B. JOSEPH, who was assignee of JOHN SPARHAWK, JUNIOR, who was assignee of PENNSYLVANIA CONSTRUCTION COMPANY, who was assignee of ALBERT ATLEE JACKSON, *vs.* WESLEY E. PARSONS and MARY B. PARSONS, his wife, and MARY E. SUTTON, intervener and t.t.

*Scire Facias—Nature of the Writ—Mortgages—Security for Debt— Foreclosure—Defenses—Pleas—Non Est Factum— Nil Debit—Collateral Security or Indemnity —Payment of Debt—Discharge of Mortgage given as In- demnity.*

1, A writ of *scire facias*, at common law, in a certain degree is in the nature of an original writ though in strictness it is a judicial writ founded on some matter of record. Considered in regard to its nature and with respect to the judicial or non judicial character of the record upon which it issues, if the record is one of a judicial determination, as a judgment, the writ is merely a continuance of the former action, and in that case, it is is a judicial writ to recover process to enforce liability on the judgment; but if the writ is founded on a non judicial record, as a patent, it is in the nature of on original writ for the commencement of the action.

2, A mortgage is merely a security for the payment of a debt, or for the performance of some other condition, the estate of the mortgagor in the land remains in him and the mortgagee acquires only a chattel interest.

3, Notwithstanding the form of a mortgage, a mortgagee takes no title to the land, but merely a lien upon it.

4, In a *scire facias* on a mortgage, the defendant may, under the statute, plead satisfaction, or payment of all, or any part of the mortgage money, or any other law plea in avoidance of the deed, as the case may require, but the pleas in defense of the action must be such as are applicable to the mortgage, and not to a record.

5, In a *scire facias* on a mortgage, the plea of *non est factum* is a proper plea to avoid the mortgage, and puts in issue the excution thereof.

6, Pleas in avoidance of a deed are not limited to those which show the deed void, but extend to special pleas which go to avoid its effect.

7. In an action on a specialty, where the deed is the foundation of the action, and not mere inducement, the plea of *nil debit* is not sufficient.

8, In an action of debt on a specialty, everything in avoidance, or discharge of the specialty must be specially pleaded, for what is, or is not

Syllabus.

matter in advoidance, or discharge, is a question of law and must be shown to the court by the plea.

9. *Nil Debet* is an inappropriate plea in *scire facias* on a mortgage, where, as under the statute, the mortgage is the foundation of the action

10 Objections to a plea of payment in *scire facias* on a mortgage should be presented by special demurrer and not by motion to strike out the plea.

11. Property may be mortgaged for purposes other than to secure a debt due by the mortgagor to the mortgagee.

12. In *scire facias* on a mortgage, the defendant pleaded that the mortgage was executed and delivered by the mortgagors only as and for collateral security for a certain debt of another to a certain trust company, the same having been executed to an officer of the company, who, by an agreement with the mortgagors and the company, was to hold the same only as collateral security under an agreement that the mortgage and land accompanying it should not be proceeded on until all other collateral securities held by said officer or company for the debt should be realized upon; that the officer or company held other securities for the debt not yet realized upon, and it was averred that under the agreement, the mortgage cannot be proceeded upon until all of said collaterals have been realized upon.  *Held* that the meaning of the plea is that the debt intended to be secured by the mortgage is not due and a right of action on the mortgage had not accrued,  The demurrer to the plea was overruled.

13. A mortgage given to indemnify the mortgagee against a debt or obligation for which he is secondarily liable, is discharged by operation of law as soon as the debt or obligation is paid or discharged.

14. If the averments of a plea are untrue and may be traversed by a proper replication, this, and not demurrer, is the proper course.

Del. cases cited: *Silver vs. Rhodes*, 2 *Harr.* 372; *Fox vs. Wharton*, 5 *Del. Ch.* 200; *Cooch's Lessee vs. Gerry*, 3 *Harr.* 280; *Robinson vs. Harris's Lessee*, 3 *Harr.* 283 (*Note A*); *Cornog vs. Cornog*, 3 *Del. Ch.* 407; *Grant vs. Jackson & Sharp Co.*, 5 *Del. Ch.* 404; *Hall vs. Tunnell*, 1 *Houst.* 320; *Walker vs. Farmers' Bank*, 8 *Houst.* 259; *Seals vs. Chadwick*, 2 *Penn.* 381; *Ellison vs. Dolby*, 3 *Penn.* 45; *Deakyne vs. Davis*, 5 *Harr.* 354; *Evans vs. Hudson*, 5 *Harr.* 366; *Luby vs. Coxe*, 2 *Harr.* 184; *Smith vs. Billany*, 4 *Houst.* 113; *Reading vs. State*, 1 *Harr.* 190; *Lesley vs. Shock*, 3 *Houst.* 130.

Del. statutes cited: *Chap.* 46, 1 *Laws of Del.*, 109, 112, 113; *Secs.* 55 and 56, *Chap.* 111, *Rev. Code* (1893).

(*March* 16, 1910.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Benjamin Nields* for plaintiff.

*William S. Hilles* for Mary E. Sutton, intervener.

Superior Court, New Castle County, March Term, 1910.

SCI FA SUR MORTGAGE (No. 38, November Term 1908). Demurrer to pleas, and motion to strike out third plea.

WOOLLEY, J., delivering the opinion of the Court:

The plaintiff has instituted this action by the writ of *scire facias sur* mortgage, wherein he declares upon a mortgage made by Wesley E. Parsons and wife to Albert Atlee Jackson, makes a profert of the record thereof, recites through various assignees, the assignment of the mortgage to himself, avers the non-payment of the debt intended to be secured thereby, and prays that it be made known to the mortgagors to appear and show cause, wherefore the mortgaged premises should not be seized and taken in execution and sold to satisfy his mortgage money.

At the return term of the writ, Mary E. Sutton, who, by her petition claimed ownership of the mortgaged premises, was permitted by the Court to intervene and make defense to the action.

To the writ, Mary E. Sutton pleaded (1) *nil debet*, (2) *non est factum*, and four special pleas, which in substance are as follows:—

(3) *Actio non.* Because she saith that before the commencement of this suit, on a day named, there was paid to the plaintiff or one of his assignors, then the holders of the mortgage, the full amount of the principal and interest due thereupon.

(4) Accord and Satisfaction.

(5) *Actio non.* Because she saith that the mortgage was executed and delivered by the mortgagors, as, and only as and for collateral security for a certain debt of one Isaac C. Atkinson

to The Girard Life Insurance, Annuity and Trust Company of Philadelphia, the same having been executed to the said Albert Atlee Jackson, an officer of the said trust company, and who, by an agreement with the mortgagors and the said trust company, was to hold the same only as collateral security, under and subject to a covenant and agreement that the mortgage and bond accompanying it, should not be proceeded on until after all other collateral securities held by the said Jackson or the said trust company for the said debt should be realized upon. That in addition to the said mortgage, the said Jackson or the said trust company held certain other securities for the said debt so due by the said Atkinson to the said trust company, among which securities that have not yet been realized upon, are certain bonds, mortgages and shares of stock (particularly mentioned and described). And in accordance with the agreement under which the said mortgage was executed and delivered, the said mortgage cannot be proceeded upon until all of the said collaterals have been realized upon. That the plaintiff and all those from whom he derives title to said mortgage, took the same with full knowledge of the premises, etc.

(6) *Actio non.* Because she saith that the said mortgage was executed and delivered by the said mortgagors for the sole purpose and consideration of securing a certain debt or obligation owed by the said Atkinson to the said trust company, the payment of which obligation one John Sparhawk, Junior, guaranteed. And the said mortgage was executed and delivered to protect the said Sparhawk against liability on his guaranty and for his use and benefit. That the said obligation for which the said mortgage was given as collateral security, has been fully paid and discharged unto the said trust company, and that at the time the said mortgage was assigned unto the said Sparhawk, there was and is nothing due thereon, and that the plaintiff took the mortgage with full knowledge of the premises, etc.

The plaintiff has filed general demurrers to the first, fifth and sixth pleas, joined issue on the second plea and has moved to

strike out the third plea, while the defendant has withdrawn the fourth plea,

The statute under which this action was brought was enacted during the period that extended from 1726-1736 (1 *Laws of Delaware, Chapter* 46, *Page* 109), was condensed in form by the codification of 1852, and as published in the *Code of* 1893 (*Revised Code, Chapter* 111, *Sec.* 55) reads as follows:—"Upon breach of the condition of a mortgage of real estate by non-payment of the mortgage money, or non-performance of the conditions stipulated in such mortgage, * * * the mortgagee, his heirs, executors, administrators or assigns, may * * * sue out of the Superior Court of the county, wherein the mortgaged premises are situated, a writ of *scire facias* upon such mortgage, * * * ."

The statute under which the defences in this action were pleaded (*Revised Code, Chapter* 111, *Sec.* 56), is the same as that which granted the remedy of *scire facias* on a mortgage, and reads as follows:—"The defendant in a *scire facias* on a mortgage, may plead satisfaction, or payment, of all, or any part of the mortgage money, or any other lawful plea in avoidance of the deed, as the case may require."

(1)   Under the general demurrer to the plea of *nil debet*, it is urged that in an action of *scire facias* on a mortgage of the character contemplated by the statute, the plea of *nil debet* is inappropriate and is therefore a nullity.   To determine this question, it is necessary to ascertain *first*, whether the action is on the mortgage or on the record of the mortgage, and *second*, if upon the mortgage, whether it is a proper plea in an action upon a specialty of such a character.   If the plea should be found inappropriate for different reasons in either event, it becomes necessary under the demurrers to the fifth and sixth pleas, to consider, for the purposes of this case, what defenses may be pleaded under the statute awarding the right to make defenses of satisfaction, payment and in avoidance of the deed.

By the enactment of the statute referred to, the Colonial Legislature conferred upon the law courts a jurisdiction thereto-

fore exclusively equitable, and provided a convenient, simple and speedy remedy which was intended to be administered in accordance with the terms of the statute and without regard to the more cumbersome methods of courts of equity in foreclosure suits.

In conferring upon the law courts jurisdiction to enforce the obligations of mortgages, the statute at the same time supplied the instrumentality by which that jurisdiction should be exercised, in providing the remedy of *scire facias*, which at that time was known as a   process of law courts of a particular and well defined character.   To ascertain the meaning of the legislature in making *scire facias* the process for an action at law upon a mortgage, it is necessary to consider the nature of the process of *scire facias* as it existed at the time it was adapted to the remedy provided by the statute, as well as the nature of the obligation for the enforcement of which the remedy at law was supplied.

A *scire facias* at common law is not an original writ, but is a judicial writ founded on some matter of record, as a suit, judgment or recognizance, on which it lies either to enforce execution or for some other purpose.   Though in strictness it is a judicial writ, or of execution, yet in a certain degree it is in the nature of an original writ and is therefore called an action.   (2 *Sellon's Pr.* 274; 2 *Tidd's Pr.* 1089; *Co. Litt.* 290 *b.*)

Writs of *scire facias*, when considered in regard to their nature or function, and with respect to the judicial or non-judicial character of the records upon which they are founded, are divided into two classes.   When the record upon which the writ issues is a judicial record, that is when the record is in character and substance a judicial determination, as a judgment, the writ of *scire facias* is merely a continuance of the former action.   In such an instance, liability is fixed and established by the original judgment, and *scire facias* upon the judgment is but a judicial writ to secure an award of process to enforce that liability.   The money is due upon the former, though the right to sue out execution for collecting it, is given, or rather revived or renewed by the latter. (*Silver vs. Rhodes*, 2 *Harr.* 372.)

The writ of *scire facias*, when founded on a non-judicial

record, that is when founded on a record that is not a judicial acknowledgment or adjudication, as a patent, or corporate charter, at common law, partakes of the nature of an original writ and is the commencement and foundation of the action.

To ascertain whether the record of a mortgage is judicial or non-judicial in character, it is necessary to make inquiry into the nature of a mortgage.

Whatever may have been the ancient idea of a mortgage being a conditional deed or a defeasible conveyance, it is now well settled in this State, that a mortgage is merely a security for the payment of a debt, or for the performance of some other condition. It is not a conveyance of the title in the land, and as a consequence the mortgagee acquires only a chattel interest, and cannot maintain ejectment for the possession of the land. Although a mortgage purports on its face to convey the mortgaged premises to the mortgagee—subject to a proviso that such conveyance shall be void upon the payment of a certain sum of money, or the performance of some other act therein mentioned,—nevertheless a mortgage has long ceased to be regarded in this State as a conveyance of the property.

A mortgage being but a high security for the payment of a debt, or for the performance of some other condition, the estate of the mortgagor in the land, remains in him, and upon alienation or death, passes to his grantee, devisee or heir, subject to the lien of the mortgage. What is called the equity of redemption, is, in this State, the title to the mortgaged land, with the right to redeem it from the encumbrance of the mortgage. The mortgagee takes by the mortgage, notwithstanding its form, no title to the land, but merely a lien upon it, which, upon his dying intestate, passes not to his heir at law, but to his executor or administrator. A mortgage no more divests the title of the mortgagor in the mortgaged premises than does a general judgment divest the title of the defendant in land bound by the lien of such judgment. (*Fox vs. Wharton*, 5 *Del. Ch.* 200, (225 *et seq.*); *Cooch's Lessee vs. Gerry*, 3 *Harr.* 280; *Robinson vs. Harris's Lessee*, 3 *Harr.* 283, note a; *Cornog vs. Cornog*, 3 *Del. Ch.* 407, (416 *et seq.*);

*Grant vs. Jackson & Sharp Co.*, 5 *Del. Ch.* 404, (411); *Hall vs. Tunnell*, 1 *Houst.* 320, (326); *Walker vs. Farmers' Bank*, 8 *Houst.* 259; *Seals vs. Chadwick*, 2 *Penn.* 381; *Ellison vs. Dolby*, 3 *Penn.* 45, (52-53).

It would therefore seem that the registering of a mortgage is not a judicial act in the sense that would make the record a judicial record.

With this general understanding of the rules of law relating to the process of *scire facias*, the Provincial Assembly of Pennsylvania, by the Act of 1705, provided the remedy of *scire facias* on a mortgage for Pennsylvania. The Colonial Legislature of Delaware in 1726-36 (1 *Laws of Del., Ch.* 46, *Page* 112) enacted for Delaware a statute almost identical with that of Pennsylvania (*Seals vs. Chadwick*, 2 *Penn.* 389). In Illinois, the remedy of *scire facias* on a mortgage was provided by an act of 1825, which differs in one material respect from the acts of Pennsylvania and Delaware; and in Ohio the remedy was provided by an act of 1810, some of the provisions of which were copied from either the Pennsylvania or Delaware enactment. So far as we have been able to learn, these four states are the only states that have extended or applied a proceeding by *scire facias* to an action on a mortgage.

An examination of the statutes of Illinois, Ohio and Pennsylvania, so far as they have been found, shows that their provisions have been interpreted literally and without a close regard to the meaning and principles of the writ of *scire facias* at common law. The courts of the several states named, like the Superior Court of Delaware, in *Seals vs. Chadwick*, 2 *Penn.* 381, seem to have been governed by the controlling force of the language of their respective statutes, rather than by the technicalities of the writ or the nature of the remedy. In Illinois the writ of *scire facias* issues upon the record, in Pennsylvania it issues upon the mortgage, and in each State the writ issues in accord with the language of its statute.

The remedy by *scire facias* on mortgages in Illinois was conferred by an act of that State of January 17, 1825, entitled "An

act concerning Judgments and Executions," in which it is provided "that if default be made in the payment of any sum of money, secured by mortgage on lands and tenements, duly executed *and recorded*, it shall be lawful for the mortgagee to sue out a writ of *scire facias*, * * * to make known to the mortgagors * * * to show cause, if any they have, why judgment should not be rendered for such sum of money as may be due by virtue of said mortgage," etc. (*Gales Statutes* 393, *R. L.* 376).

In Illinois a mortgage is not considered merely a high security for the payment of a debt, but is held to be a conveyance of land by the debtor to his creditor as a pledge for the payment of the money due.  Because of the language of the statute, and by reason of the character of a mortgage,as viewed in that State, the Illinois courts hold that a *scire facias* issues upon *a debt of record*, and that the proceeding is one of execution upon the record, and is not an action on the mortgage in the ordinary acceptation of the term.  Hence *nul tiel* record is the general issue which puts in issue only the registry of the mortgage.  No defense may be pleaded excepting such as, at common law, go to payment, discharge or release of the matter of record.  (*Menard vs. Marks*, 2 *Ill.* 24; *Hall vs. Byrne*, 2 *Ill.* 140; *Woodbury vs. Manlove*, 14 *Ill.* 212; *White vs. Watkins*, 23 *Ill.* 426; *Carpenter vs. Mooers*, 26 *Ill.* 162).

The difference in the language of the statutes of Illinois and Delaware, as well as the difference in the ideas of a mortgage that maintains in these states,deprive the Illinois decisions of authoritative weight in making an interpretation of the Delaware statute.

We have been unable to find that portion of the Ohio statute which confers the remedy of *scire facias* on a mortgage, but from the portion of the statute authorizing certain defenses, it would be inferred that the writ issues upon the mortgage and not upon the record.  In *Raquet vs. Roll*, 7 *Ohio* 77, *Hitchcock, J.* referring to the statute, said: "At the close of *Section* 1, it is provided that upon the return of the *scire facias* it shall be lawful for the defendant or defendants to come in and plead payment, or satisfaction

for all or any part of the money demanded by the plaintiff or plaintiffs, or any other legal plea in bar, or avoidance of the deed or money therein demanded, as the case may require, and thereon the parties shall proceed to issue and trial as in other cases. From this I infer, that the legislature intended that to a *scire facias* upon mortgage, the defendant, *notwithstanding the form of security and of action*, might plead any plea which would operate as a bar to a suit brought upon the instrument, to secure the payment or performance of which the mortgage was executed. This is the only natural construction, as it seems to me, which can be given to this clause of the statute.''

The Pennsylvania statute, by its language fails to indicate whether the *scire facias* is on the mortgage or the record, but simply provides "that where default is suffered by a mortgagor of lands, * * * in payment of .the mortgage money, or performance of the condition of the mortgage, it shall be lawful for the mortgagee * * * to sue forth a writ of *scire facias* * * * ." Nevertheless, by abundant authority, it is held that the action is upon the mortgage and not upon the record. In *Roberts vs. Halstead*, 9 *Pa. St.* 34, the court said: "The *scire facias* given by the act of assembly, is founded upon the mortgage, and not upon the registry of it. The plea of *nul tiel* record, was, therefore, wholly inapplicable, and might have been treated as a nullity." This case is supported by *Frear vs. Drinker*, 8 *Pa. St.* 520, *Tryon vs. Munson*, 77 *Pa. St.* 260, and *Lancaster vs. Smith*, 67 *Pa. St.* 427, in the latter of which the court said: "There is no doubt that the *scire facias* on the mortgage is founded on the instrument itself and not upon the record made of it. Such is the necessary effect of it as a mere deed and of the proceeding upon it authorized by the act of 1705. Hence the proper plea in denial of the instrument is *non est factum* and not *nul tiel record.*"

Under the Pennsylvania act the defendant may plead satisfaction or payment of part or all of the mortgage-money, or any other lawful plea in avoidance of the deed as the case may require.

In view of the fact that in Pennsylvania it is held that the action is on the mortgage and not on the record, and as a conse-

quence the defenses go to the instrument rather than to the record, the question has been asked if an action of *scire facias* will lie upon an unrecorded mortgage.    It is not necessary for the purpose of a decision upon the demurrers in this case, to make answer to this question, for it appears by the writ that the mortgage was recorded and a profert is made of the record.    Yet it is interesting to note that in Pennsylvania, it has uniformly been held that an unrecorded mortgage is good as against the mortgagor, or any one claiming under him with notice of the mortgage. (*Mellon's Appeal*, 32 *Pa. St.* 121; *Britton's Appeal*, 45 *Pa. St.* 172).    In *Tryon vs. Munson*, 77 *Pa. St.* 250, heard by the Supreme Court composed of Woodward, Williams, Gordon, Agnew, Paxon and Sharswood, the opinion reads:—

"But treating it as an unrecorded mortgage, still we are of opinion that the *scire facias* was a proper remedy.    The sixth section of the Act of 1705, which gives the remedy by *scire facias*, nowhere refers to the record of the mortgage.    It provides, that where default is made by the mortgagor    *    *    *    the mortgagee may    *    *    *    sue forth a writ of *scire facias*    *    *    *    . This is a statutory remedy given to every mortgagee, without exception, upon the mortgage and not upon the registry.    It furnishes an answer also to the learning of the books introduced into the able argument for the plaintiff in error, upon the writ of *scire facias*, as judicial process, founded upon some matter of record.    The *scire facias* on mortgage, thus given by statute is original process, provided as a remedy for the default of the mortgagor and therefore lies on all mortgages recorded or unrecorded."

The question to be decided upon the demurrers in this case   is not whether a *scire facias* may issue upon an unrecorded mortgage, for there is here no unrecorded mortgage involved, but the question is what defenses may be pleaded upon a *scire facias* issued upon a recorded mortgage.    If the *scire facias* is in character a judicial writ, issuing upon the record, then only those defenses may be pleaded that go to the denial, release and discharge of the record.    If by reason of the nature of a mortgage and   the

language of the statute, the *scire facias* is an original writ or in the nature of an original writ, and as in *scire facias* upon patents at common law (2 *Tidd's Pr.* 1094), the matter to be tried is not the record but the instrument recorded, the action will be upon the mortgage and the defenses will be made to the mortgage.

While the Pennsylvania statute, because of its lack of express provision, required judicial interpretation to determine whether the *scire facias* was intended to issue on the mortgage or the record, no such requirement is now made by the Delaware statute. In comparing the language of the originals of the statutes of the two states, it will be found that *Section* 5 of the the *Delaware statute* is almost identical in expression and is identical in substance with *Section* 6 of the *Pennsylvania statute*, which are the sections respectively conferring the remedies. In the *Delaware statute* as in the *Pennsylvania statute*, no reference is made to the record of the mortgage, and the question of whether in Delaware the *scire facias* issues on the mortgage or the record, was, for a time, left open for the courts to determine.

But in the codification of 1852 the language of the Delaware statute was changed and the purpose of the statute and the intent of the legislature were made plain by positive expression. By *Section* 55 of the *Revised Code* important words were added to the language of the original act, and the statute now reads: "Upon breach of the condition of a mortgage * * * the mortgagee * * * may * * * sue out * * * a writ of *scire facias upon such mortgage* * * * ."

In the original statute it was provided (*Laws of Del. Vol.* 1, *Page* 113) that "if the defendant in such *scire facias* appears, he may plead" certain defenses, the words "such *scire facias*" referring to the section which did not indicate whether the *scire facias* was on the mortgage or the record, but by the codification certain words were added, and the act now reads: "The defendant in a *scire facias on a mortgage may* plead" certain defenses. (*Rev. Code* (1893), *Ch.* 111, *Sec.* 56).

The only case in Delaware that is found to bear upon the question is *Deakyne vs. Davis*, 5 *Harr.* 354, heard before the codifi-

cation, at the Fall Sessions of 1851. The action was on *scire facias sur mortgage* and the defendant pleaded two special pleas, one of which at least was in avoidance of the deed. The plaintiff demurred, and the Court, without an opinion, entered judgment on the demurrer for the defendant, thereby indicating that in its opinion, the action is original in character and that the writ issues upon the instrument.

From an examination of the authorities and a consideration of the language of the statute, the Court is of opinion, that in an action of *scire facias* upon a mortgage, the writ issues upon the mortgage and not upon the record. As the writ issues upon the mortgage, it must logically follow that defense may be made to the mortgage. What defenses may be made is shown by the general language of the statute, that is, "satisfaction, or payment, of all, or any part of the mortgage money, or any other lawful plea in avoidance of the deed." The plea of *non est factum* filed in this case and on which the plaintiff has joined issue, is a lawful plea in avoidance of the deed, and puts in issue the execution of the instrument. (*Evans vs. Hudson*, 5 *Harr.* 366; *Luby vs. Coxe*, 2 *Harr.* 184). But pleas "in avoidance of the deed" are not limited to those pleas which show the deed to be void, but extend to special pleas which are in avoidance of the force of the deed—(*Deakyne vs. Davis*, 5 *Harr.* 354), and may be such as would be appropriate and pleadable in an action of debt on a mortgage containing a covenant to pay.

But in this case the defendant has pleaded *nil debet*. It is very generally held that in an action on a specialty, where the deed is the foundation of the action and not mere inducement, the plea of *nil debet* is not sufficient. (1 *Chitty's Pl.* 482; *Smith vs. Billany*, 4 *Houst.* 113). In an action of debt on a specialty, everything in avoidance or discharge of the specialty must be specially pleaded, for what is or what is not matter in avoidance or discharge, is a question of law and must be shown to the Court by the plea. (*Reading vs. State*, 1 *Harr.* 190, 192).

As *nil debet* would be an inappropriate plea, if the mortgage in this case were the foundation of an action in debt, it is likewise

an inappropriate plea in this case, where the mortgage has been held to be the foundation of this action. The demurrer to the defendant's first plea, is therefore sustained.

3. The objections to the plea of payment, urged by the plaintiff in support of his motion to strike out that plea, appear to be such as may be presented in the usual way by special demurrer. As nothing has been suggested in this case to justify the summary action of striking out this pleading, the Court refuses the motion.

5. The substance of the fifth plea is that the mortgage was given to the mortgagee to be held by him as collateral for a debt due by one Atkinson to a certain trust company, to be enforced by the mortgagee when other collateral given to secure the same debt had been realized upon and exhausted, that such other collateral had not been realized upon and therefore the debt intended to be secured by this mortgage is not due and the mortgagors' liability for payment has not accrued.

There can be no question that property may be mortgaged for purposes other than to secure a debt due by the mortgagor to the mortgagee. The Court of Errors and Appeals of this State has recognized the force and purpose of a mortgage given by one person as collateral to secure payments on a mortgage given by another person. (*Lesley vs. Shock*, 3 *Houst.* 130).

In *M'Crelish vs. Churchman*, 4 *Rawle*, 26, *scire facias* was issued upon a mortgage given to indemnify the mortgagee for taking up and saving from protest a number of notes of the mortgagor, under an agreement made separate from but concurrently with the mortgage. The mortgagee failed to keep his agreement and take up the notes, yet his assignee proceeded upon the mortgage. The defendant to the *scire facias* pleaded the agreement, and the non-performance of the undertaking on the part of the mortgagee. The Court held that the bond and mortgage and agreement, being executed at the same time and in reference to the same subject matter, must be taken as one covenant; and notwithstanding the note holders claimed the mortgage was held in trust for them, the Court sustained the defendant's plea upon the ground that the mortgage was given as collateral

and was not enforcible when the object for which it was given had not been performed.

In Illinois the Court recognized the validity of a mortgage given by a mortgagor to secure a debt on his notes, upon which he was primarily liable to the mortgagee, and a debt on his endorsements on other notes upon which he was secondarily liable to the mortgagee, on the ground that in both respects the mortgage was given to secure the payment of money when due. (*Russell vs. Brown*, 41 *Ill.* 183).

The Court is of opinion that the plain meaning of the fifth plea is that the debt intended to be secured by the mortgage is not due and therefore right of action on the mortgage has not accrued. The demurrer to the fifth plea, is therefore overruled.

6.   The substance of the sixth plea is that the mortgage was given to the mortgagee to be held by him to protect and indemnify one Sparhawk on his guaranty of a debt due by one Atkinson to the same trust company, that the debt had been paid and discharged to the trust company and therefore there was nothing due on the mortgage at the time it was assigned to the said Sparhawk.

It is a well accepted principle of law that a mortgage given to indemnify the mortgagee against a debt or obligation for which he is secondarily liable; is discharged by operation of law as soon as the debt or obligation is paid or discharged. (27 *Cyc.* 1403; *Deakyne vs. Davis*, 5 *Harr.* 354). The same principle would apply to the facts pleaded by this plea. If, as it is suggested, Sparhawk may have performed his guaranty, paid Atkinson's debt for him and took an assignment of the mortgage in order to recover the money so paid on the guaranty, then the averments of the plea are untrue and may be traversed by a proper replication. The Court is therefore of opinion that the demurrer to the sixth plea should be overruled.