THE STATE OF DELAWARE, for the use of Equitable Trust Company, a corporation of the State of Delaware, Executor under the Will of William Beadenkopf, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation of the State of Maryland.

(*June* 22, 1934.)

HARRINGTON and RODNEY, J. J., sitting.

*Aaron Finger* and *Charles F. Richards* (of Richards, Layton and Finger) for plaintiff.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for defendant.

Superior Court for New Castle County, Action of debt on administration bond, No. 145, November Term, 1932.

248

HARRINGTON, J., delivering the opinion of the Court:

It is conceded that a personal estate, in excess of $152,000, came into the hands of William Schwartz, as administrator d. b. n., c. t. a. of Benjamin J. Schwartz, deceased, and was paid by him to himself, as trustee of his mother, Sarah K. Schwartz, the sole legatee named in his father's will.

It is also conceded that the balance due on the bond of Benjamin J. Schwartz to William Beadenkopf has not been paid. The question, therefore, is whether the defendant, the surety on the administration bond of William Schwartz, is liable for the balance due on that bond and on the judgment subsequently procured thereon.

In connection with the general duties of an executor, or administrator, Schouler in his *Work on Wills, Executors, and Administrators, Vol.* 3, *page* 2354, aptly says:

"So far as assets may have reached his hands in due course, every executor, or administrator, is bound to administer the estate according to law, by paying the debts, claims and charges upon it in legal order of preference, before making any distribution. This duty is enjoined upon him by law, by his oath and bond, and by a sound public policy, which treats a decedent's estate as a fund, subject to all lawful debts and demands, and to all reasonable charges incurred by reason of his death."

When letters were granted on the estate of Benjamin J. Schwartz, deceased, to David J. Reinhardt, on February 20, 1925, to Sarah K. Schwartz, on September 14, 1925, and to William Schwartz, on May 10, 1928, each of them gave notice to creditors, in accordance with the provisions of *Section* 3398 of the *Code* of 1915. That section, in part, provides:

"The register, on application, shall make and register an order directing an executor, or administrator, by advertisements, to be posted and published as specified in such order, to give notice of the

granting of letters, and the date thereof, and to require all persons having demands against the deceased, to exhibit the same, or abide by the law in this behalf."

After setting out certain details with respect to the number of notices, their contents, the time within which they must be posted and published, and the places of such posting and publishing, the same section then further provides:

"If an executor, or administrator, shall observe the directions of such order, and shall, after the expiration of one year from the granting of letters, without notice of a demand against the deceased, pay over the estate in his hands to the legatees, or distributees, such payment shall be good; and he may avail himself thereof, in bar of any demand, of which he had no notice at the time of payment, by a plea of fully administered. Such notice need not be by action, but it must be in writing."

In harmony with *Section* 3398, *Section* 3373 of the *Code* of 1915 also provides that:

"If an executor, or administrator, after the expiration of six months from the grant of letters, without notice of a demand of higher grade, pay a demand of lower grade, such payment shall be allowed him."

Slightly differing from *Section* 3398, this section provides, however, that: "Such notice need not be by action."

*Section* 3376 of the *Code* of 1915 also provides that:

"Before the executor, or administrator, shall pay any debt against the deceased, the person holding the same shall make affidavit that nothing has been paid or delivered towards satisfaction of said debt; except what is mentioned, and that the sum demanded is justly and truly due."

This statutory provision was not complied with by Mr. Beadenkopf until some time between November 27 and December 7, 1931, when suit was brought on the bond referred to in the declaration and accompanying his mortgage.

From the language of *Section* 3398, taken as a whole, it is apparent, however, that the word "demand" is used in the same sense of debt or claim; and so far as the

question of notice to the personal representative of an estate is concerned, the validity of such claim·is not affected by the question as to whether it was duly probated in accordance with the provisions of *Section* 3376 of the *Code* of 1915, before the personal estate of Benjamin J. Schwartz was distributed.

True, where notices to creditors are given, pursuant to its provisions, this section does absolve the personal representative of an estate from responsibility, if, without the notice therein provided for, he distributes it to legatees "after the expiration of one year from the granting of letters. * * *"

■ Having due regard to the condition of estates and the interests of creditors and other parties entitled thereto, their settlement in a reasonable time is desirable; and under the facts of this case it would be unreasonable to hold that *Section* 3398 meant that William Schwartz could not take advantage of the prior notices to creditors already given by David J. Reinhardt and by Sarah K. Schwartz, if he distributed the personal estate of Benjamin J. Schwartz as early as October, 1928, as is claimed by him. See 2 *Woerner's Amer. Law of Admr.* 1165, 1175.

The giving of notices to creditors, pursuant to the pertinent statutory provision, by both David J. Reinhardt and Sarah K. Schwartz, would seem to be lawful and valid acts within the meaning of *Section* 3346 of the *Code* of 1915. That section provides that if by reason of the finding of a will a prior administrator, or executor, shall be removed from office, "all the previous lawful acts of such removed executor, or administrator, shall be valid."

The same section further provides that "any act done by an executor, or administrator, in the due course of administration * * * shall be valid, until it shall appear to have been erroneously done * * * although he shall be removed from office. * * *"

Both bonds and mortgages are primarily payable out of the personal estate of a deceased person (*Section* 3372, *Revised Code* of 1915), but, as we have seen, *Section* 3398 provides that the notice to the personal representative referred to need not be by action "but it must be in writing."

This section must, however, be read in connection with *Section* 3374 of the *Code* of 1915. That section is preceded by the following subtitle: "Of What Debts Notice Presumed." Following this title, the section then provides:

"An executor, or administrator, shall be deemed to have notice of judgments, decrees, recognizances and mortgages of record in the county where the letters were granted, unless there have been a failure to insert them in the index of the docket wherein they stand; except judgments and recognizances before a justice of the peace, of which, and also of debts of record in another county, he shall not be charged with notice, unless actual notice be given."

The declaration, in substance, alleges that William Schwartz failed to comply with the conditions of the administration bond, executed by him as principal, and by the defendant company, as surety, because he failed to pay the balance due on the bond of Benjamin J. Schwartz, deceased, to William Beadenkopf, dated November 12, 1913.

Bonds, as such, are not within the class of obligations that are specifically referred to in *Section* 3374 of the *Code* of 1915, and of which notice to an executor, or administrator, is imputed by its terms.

Mortgages, in the county where letters are granted, are, however, in that class and when, as in this case, a bond accompanies a duly recorded and indexed mortgage and is recited in it, that obligation constitutes the mortgage debt within the meaning of *Section* 3374 of the *Code*, and the mortgage is merely security therefor. That is the settled rule in this state. *Ellison v. Dolbey and Stanert*, 3 *Penn.* 45, 49 *A.* 178; *Malsberger v. Parsons*, 1 *Boyce* 256, 75 *A.* 698.

When William Schwartz, as administrator of Benjamin J. Schwartz, deceased, paid the balance of the personal property belonging to that estate to himself, as trustee for Sarah K. Schwartz, he, therefore, had notice of the debt due William Beadenkopf. By reason of that fact, the defendant, the surety on his bond, is liable for the failure of William Schwartz, as administrator, to pay the debt. From this aspect of the case, it is unnecessary for us to determine whether the personal estate of Benjamin J. Schwartz, deceased, was distributed in October of 1931, or, at the earliest, in October of 1928, as is claimed by the plaintiff.

A lien creditor, though he has the right to look to the personal estate of a deceased person, as the primary fund for the payment of his debt, may, of course, waive that right by some clear and definite act on his part. Though Benjamin J. Schwartz died in 1925, the mere fact that Mr. Beadenkopf did not probate his claim until the fall of 1931, and did not procure judgment on that claim until March of 1932, will not, however, operate as a waiver of his right to claim payment from the personal estate of the said Benjamin J. Schwartz, deceased.

Judgment must, therefore, be entered for the plaintiff for the balance due it, as executor of William Beadenkopf, deceased, together with interest thereon.