**GREENE v. RECONSTRUCTION FINANCE CORPORATION et al.**

No. 4625.

District Court, D. Massachusetts.

July 11, 1938.

Devine, York & Russell, of Boston, Mass., for plaintiff.

Harry Bergson, of Boston, Mass., for defendant Reconstruction Finance Corp.

**182**

McLELLAN, District Judge.

Among the issues involved in this cause is the validity of two mortgages. The question of their validity was referred to W. Barton Leach, Esquire, as special master, and the exceptions to his report were argued recently.

The plaintiff, Russell D. Greene, is the receiver in bankruptcy of Concrete Materials Company, a Delaware corporation. Reconstruction Finance Corporation, sometimes referred to herein as the defendant, is one of the defendants.

The mortgages covering all the real estate, most of the tangible personal property, and, as the master concluded, the good will of the Concrete Materials Company, were given in July, 1935, to the Stabile Bank and Trust Company to secure the mortgagor's $60,000 note. As was contemplated at the time, the note and mortgages were promptly transferred to the defendant Reconstruction Finance Corporation. Though the mortgaged property was all located in Massachusetts, the mortgagor is a Delaware corporation, and as to the manner in which it could dispose of its assets by way of mortgage, the Delaware law controls. The applicable Delaware statute, Revised Code of Delaware (1935), § 2097, Chapter 65, Section 65, to which the italics is added, reads:

"Sale of Assets and Franchises:— *Every corporation organized under the provisions of this Chapter, may at any meeting of its Board of Directors, sell,* lease or exchange *all of its property and assets, including its good will and its corporate franchises,* upon such terms and conditions and for such consideration, which may be in whole or in part shares of stock in, and/or other securities of, any other corporation or corporations, *as its Board of Directors shall deem expedient* and for the best interests of the corporation, *when and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding having voting power given at a stockholders' meeting duly called for that purpose,* or when authorized by the written consent of the holders of a majority of the voting stock issued and outstanding, provided, however, that the Certificate of Incorporation may require the vote or written consent of the holders of a larger proportion of the stock issued and outstanding."

Notwithstanding any provisions contained in the mortgagor's certificate of incorporation, the initial crucial question involves a construction of this statute in the light of the authorities hereafter cited.

The directors purported to authorize the mortgages which the plaintiff asks the court to set aside. The stockholders did not authorize them in advance. Does the statute, which does not use the word "mortgage", apply to mortgages? This question the master answers in the affirmative. Whether a "sale" includes a "mortgage", within the meaning of the act, apparently has not been determined by the Delaware courts. Nor has this question actually been decided by the Circuit Court of Appeals for this circuit. But a similar Massachusetts statute, quoted in the master's report, has been construed as applicable to a mortgage by a corporation of substantially all its property. See McDonald v. First National Bank of Attleboro, 1 Cir., 70 F.2d 69; Commerce Trust Company v. Chandler, 1 Cir., 284 F. 737. If these cases were predicated solely upon the proposition that in Massachusetts a mortgage passes the legal title of the property, they ought to be regarded as applicable only to jurisdictions where the "title theory", as opposed to the "lien theory" as to mortgages, obtains. See Harvard Law Review, Vol. 51, Page 75. But as the master in his able and helpful report indicates, it is by no means clear that these decisions rest solely on any particular theory as to a mortgage. The report says:

"As I understand the reasoning of the McDonald Case and its precursor, Commerce Trust Co. v. Chandler, 1 Cir., 1922, 284 F. 737, it is this. A Massachusetts mortgage is a sale within the meaning of the Massachusetts statute for two reasons: (1) It is in terms and legal effect a transfer of title to the mortgagee, subject to defeasance upon payment of the mortgage debt; (2) The legislative purpose of the section was to reserve to the stockholders questions of fundamental importance, and a mortgage of all a corporation's property is a potential disposition of that property and quite as fundamental a matter as a present sale for a price. (284 F. at page 739.) Moreover, the statute cannot be evaded by a disposition, either by present sale for a price or by mortgage, of so much of the corporation's property that what is left is of little substantial value and importance when considered in relation to the property disposed of. (70 F.2d at page 71.)

"Accepting, as I must, the McDonald and Chandler Cases as binding authority, I

can see no sufficient reason for giving to the Delaware statute a different interpretation. We are here dealing with a Massachusetts mortgage; and there is every indication that the fundamental legislative purpose of the Delaware legislature was the same as that of the Massachusetts legislature. In both cases the Federal court must, however, reluctantly, give an original construction to these statutes, since the state courts have not spoken.

"Counsel for the R.F.C. argues that there is a great difference between a mortgage and a present sale in that the former, regardless of local holdings as to 'title theory' or 'lien theory', is a security transaction whereas the latter is a disposition for a present price. He also argues that the Chandler Case neglected the legislative history of the Massachusetts act; and this argument derives considerable force from the fact that the word 'mortgage' existed in the predecessor of G.L.C. 156, Sec. 42 and was stricken out when Sec. 42 was first enacted in 1903, St.Mass.1903, c. 437, § 40. See Dodd, 'Statutory Developments in Business Corporation Law', 50 Harv.L.Rev. 27, 36 (1936). But these arguments go to the soundness of the Chandler Case, a matter which it is plainly not in my province to consider.

"Counsel for the R.F.C. further argues that the words 'sell' and 'sale' as uttered by Delaware legislators mean something different from those words as uttered by Massachusetts legislators, due to the different attitudes of Delaware law and Massachusetts law as to the nature of a mortgage. The difference in the two laws is a tenuous one. In both states the mortgage is in form a conveyance to the mortgagee with a provision for defeasance of the interest conveyed upon performance of the mortgage condition. Malsberger v. Parsons, 1910, 24 Del. 254, 1 Boyce's 254, 260, 75 A. 698; Harlow Realty Co. v. Cotter, 1933, 284 Mass. 68, 69, 187 N.E. 118. But in both states the transfer is treated as essentially a security transaction. In Delaware this idea is expressed by the statements that 'a mortgage is merely a security for the payment of a debt' and 'a mortgage has long ceased to be regarded in this State as a conveyance of the property' (Malsberger v. Parsons, su-

pra); and in Massachusetts the court says, 'The mortgage, * * * although in form a conveyance of the real estate, in substance [is] a security for the performance of an obligation.' Burke v. Willard, 1923, 243 Mass. 547, 550, 137 N.E. 744, 745. This variation of judicial formula seems to me insufficient to support the differing construction of the words 'sale' and 'sell' urged by the R.F.C.

"The R.F.C. further argues that the Certicate of Incorporation, giving to the directors authority to mortgage assets, unlimited in terms, is an administrative interpretation of the Delaware statute which indicates that the word 'sell' in the Statute does not mean 'mortgage'. But this seems to me too slight a basis upon which to distinguish the controlling Circuit Court of Appeals cases."

No error appears in the master's conclusions upon the facts found by him "that a mortgage of substantially all of the property of Concrete Materials Company was not properly authorized in advance unless a majority of the stockholders voted their authorization or gave their written assent in the manner provided by the statute," that "the chattel mortgage from Concrete Materials Co. now held by R.F.C. (Exhibit 2) included the good will of the company," and that "the two mortgages constituted a mortgage (and hence a sale within the meaning of the statute) of substantially all of the property of Concrete Materials Co." The receiver in bankruptcy is a proper person to assert the invalidity of these mortgages (see Commerce Trust Co. of Baltimore, Md. v. Chandler, 1 Cir., 295 F. 241.)

The defendant's exceptions to the master's report are overruled.

The plaintiff asserts that the mortgages were void. I think they were voidable only and subject to ratification by the stockholders. The master's inference from the facts found, that the mortgages were ratified by a majority of the stockholders, was justified. The plaintiff's exceptions chiefly or wholly relate to this branch of the case, and they are overruled.

A decree overruling all exceptions to the master's report, and confirming it, is to be entered.