HOME OWNERS LOAN CORPORATION, a corporation of the United States, *v.* SALLIE S. HAMMOND.

*(January 6, 1942.)*

RODNEY, J., sitting.

*Henry J. Ridgely,* appointed as attorney for Sallie S. Hammond.

*William J. Storey,* appointed as attorney for Frederick Marvel.

*Josiah O. Wolcott, Jr.,* appointed as attorney for Harry J. Dill.

Superior Court for Kent County, No. 22, October Term, 1941.

RODNEY, J., delivering the opinion of the Court:

The above motion questions the propriety of the issuance of the writ of Scire Facias sur mortgage directed to the Sheriff of New Castle County, by whom personal service was made upon the mortgagor, as not being in conformity with the statuate which provides that the writ shall be

"directed to the Sheriff of the County." It is contended that the quoted words mean the Sheriff of the County in which the land is situated, viz. Kent County. It is contended that, under the statute, the only proper proceeding is the direction of the writ to the Sheriff of Kent County and, if personal service can not be had by him, that jurisdiction may be obtained upon two returns of "nihil."

A proper determination of the matter must include a consideration of the history and purpose of the statute, and a like consideration of the pertinent constitutional provisions.

The statute in its present form is first found in the Revised Code of 1852, Sec. 2484, p. 404. From there the statute except for the pruning of the language, may be easily traced to Page 205 of Revised Code of 1829, and thus to its original enactment as found in Vol. 1, Laws of Delaware, at page 112. The exact date of its original enactment can not, at present, be arrived at with absolute certainty, but it was during the administration of Governor Gordon, between 1726-1736. *Seals v. Chadwick,* 2 *Penn.* (18 *Del.*) 381, 45 *A.* 718.

This original statute is of interest because it is our first provision for the foreclosure of a mortgage at law, as distinguished from the foreclosure of the equity of redemption in a Court of Chancery. It is not here appropriate to enter into any discussion of the abstruse and intricate question of the nature of a mortgage, or of the divergent and changing theories of the rights accruing under it. It is sufficient that the original act recited the difficulties with which the mortgagee was surrounded, and provided a legal remedy for the violation of the conditions of the mortgage.

The original Act of 1726-1736, as we have seen, remained in its original form until 1852. Upon the latter

date the codifiers made at least three changes in the Act. (1) They eliminated the waiting period of one year which, by the original Act, must elapse between the breach of the condition of the mortgage and the issuance of the Scire Facias, and allowed the writ to issue at any time after such breach of condition. The purpose of this change seems obvious. (2) They changed the name of the Court from which the writ was to issue. This was, of course, because, during the intervening years, the nomenclature of the Courts had changed, and (3) they changed the name of the person to whom the writ should be directed. Under the original Act the writ of Scire Facias was "directed to the proper officer, requiring him by honest and lawful men of the neighborhood to make known to the mortgagor or mortgagors * * *." This was changed to read "directed to the Sheriff of the County." I am not clear that anything more was intended than a recognition that the Sheriff of a County is the normal and proper officer for the service of writs or process.

When the original Act was passed the Court of Common Pleas therein mentioned, and all other nisi prius Courts, were purely county Courts with no jurisdiction beyond the county, and process did not extend beyond the limits of the county. Under the Constitution of 1792, Art. 6, Secs. 3 and 4, the jurisdiction of the Supreme Court and Court of Common Pleas was made to extend over the State. There is no mention of process.

In the Constitution of 1831 the Superior Court was created, and by Art. VI, Sec. 11, it was provided:

"The jurisdiction of each of the aforesaid courts shall be co-extensive with the State. Process may be issued out of each court, in either county, into every county."

This identical provision is found in the present Con-

stitution of 1897, as Article IV, Sec. 19. Under it the process of the Superior Court sitting in Kent County can not be limited by legislative act as to service in any one county.

The writ of Scire Facias sur mortgage in Delaware is clearly process. It is founded on a non-judicial record and is the commencement and foundation of an action. It is not the continuance of a former action, as might be evidenced by a Scire Facias upon a judicial record. *Malsberger v. Parsons*, 1 *Boyce* (24 *Del.*) 254, 75 *A.* 698.

Personal service of legal process is service of a superior kind. I have not before me a case where the mortgagor-defendant lives outside the State, or a case where such residence is unknown. Here the defendant lived in the State, but outside the county, and personal service was had. I do not say that the process directed to the Sheriff of the County where the land is located, in strict conformity with the statute, may not be the basis of jurisdiction after two returns of "nihil."

I do say that a writ of Scire Facias sur mortgage may be directed to the Sheriff of any county of this State where personal service may be had upon the mortgagor-defendant and, when followed by such personal service, the jurisdiction is complete.