# SUPERIOR COURT
## OF THE
# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2111

January 22, 2018

Daniel T. Conway, Esquire
Atlantic Law Group, LLC
512 East Market Street
Georgetown, DE 19947

Pedro A. Rivera
Antonia Castillo
275 Gravelly Run Branch Road
Clayton, DE 19938

> RE:   *JPMorgan Chase Bank, National Association,*
> *successor by merger to Chase Home Finance, LLC v.*
> *Pedro A. Rivera, et al.*
> **C.A. No. K15L-09-011 JJC**

Submitted: January 12, 2018
Decided: January 22, 2018

Dear Mr. Rivera, Ms. Castillo, and Mr. Conway:

This letter order addresses a motion filed by Plaintiff JP Morgan Chase Bank National Association (hereinafter "JP Morgan") seeking summary judgment against Defendants Pedro A. Rivera and Antonia Castillo (hereinafter "Defendants"). JP Morgan filed a mortgage foreclosure action for their interest in 275 Gravelly Run Branch Road, Clayton, Delaware 19938 on September 15, 2015, seeking a judgment *in rem* against Defendants. JP Morgan asserts that Defendants failed to pay monthly installments required under the Mortgage. In support of its claim for summary judgment, JP Morgan filed an affidavit stating that Defendants missed the payment due on the loan on May 1, 2014 and, because Defendants have not made payments to bring the loan current, JP Morgan accelerated the loan balance under the terms of

the mortgage. The affidavit also itemizes the amounts JP Morgan alleges remain unpaid and due.

It is a well-settled principle in Delaware law that there are only a limited number of defenses applicable in a *scire facias sur* mortgage action.[1] As explained in *CitiMortgage, Inc. v. Bishop*, "[t]he defenses available in a *scire facias sur* mortgage foreclosure action are limited to only those claims or counterclaims arising under the mortgage. In this regard, Delaware courts recognize the defenses of payment, satisfaction or avoidance."[2]

The Defendants argued in their written response that they will present an avoidance defense. Avoidance refers to the common law plea know as confession and avoidance, which admits the allegations of the complaint but asserts a matter which defeats the mortgage holder's rights.[3] Examples of matters properly asserted under a plea of avoidance include acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, and waiver.[4]

At the January 12, 2018 summary judgment hearing, however, the Defendants demonstrated no basis for an avoidance defense, but rather alleged it only in a conclusory matter. They also did not reference in their written response any evidence of record supporting such a defense. Instead, they focused on a 2012 loan modification to the mortgage. Mr. Rivera argued that because the modification was

---

[1] *Malsberger v. Parsons*, 75 A. 698, 702 (Del. Super. Mar. 16, 1910) (surveying the law of other jurisdictions and recognizing only limited defenses); *see, e.g., CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013) (acknowledging the limited defenses available in a *scire facias sur* mortgage); *see also* 59A C.J.S. Mortgages § 897 (acknowledging that various matters do not constitute a defense to a *scire facias* action and listing the "defenses that may be interposed to a *scire facias sur* mortgage [as including] satisfaction or payment of all, or any part, of the mortgage money, that the mortgage never had become a valid lien, or any other lawful plea in avoidance of the deed") (citations omitted).
[2] *Bishop*, 2013 WL 1143670, at *5 (citations omitted).
[3] *Gordy v. Perform Bldg. Components, Inc.*, 310 A.2d 893, 895 (Del. Super. Ct. Aug.13, 1973).
[4] *First Fed. Sav. & Loan Assn. of Norwalk v. Falls*, 1986 WL 9916, at *1 (Del. Super. Ct. Sep. 9, 1986).

not filed with the Kent County Recorder of Deeds a genuine issue of material fact exists which precludes summary judgment. Additionally, Mr. Rivera argued that the loan modification does not allow JP Morgan to assess fees associated with late payments or foreclosure. Mr. Rivera concedes that he is otherwise in default and has not made the payments due. In fact, he offers no evidence that he made any payments on this mortgage at any time after initial default.

Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] In deciding such a motion, the Court must accept all undisputed factual assertions and accept the nonmoving party's version of any disputed facts.[6] The burden is on the moving party to show that there are no material facts in dispute.[7] However, if the movant meets his or her initial burden, then the burden shifts to a non-moving party to demonstrate the existence of material issues of fact.[8] When the facts of record "permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law."[9]

JP Morgan asserts that there is no genuine issue of material fact, and submitted an affidavit stating the amount due on the loan, that the loan is in default, and that the loan has been accelerated. Accordingly, the burden shifts to the Defendants to demonstrate that there is a genuine issue of material fact which precludes summary judgment.

---

[5] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[6] *Sztybel v. Walgreen Co.*, 2011 WL 2623930, at *2 (Del. Super. Ct. June 29, 2011).
[7] *Moore*, 405 A.2d at 680.
[8] *Id.* at 681 (*citing Hurtt v. Goleburn*, 380 A.2d 145 (Del. 1974)).
[9] *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *2 (Del. Super. May 6, 2014) *aff'd Friel v. Hartford Fire Ins. Co.*, 108 A.3d 1225 (Del. 2015) (*citing Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967)).

Mr. Rivera, on behalf of both Defendants, merely asserts that the 2012 loan modification creates a triable issue of material fact because it was not recorded with the Kent County Recorder of Deeds. In support, he cites *Shrewsbury v. The Bank of New York Mellon*[10] as authority for this argument. The *Shrewsbury* case, however, does not address that issue. Rather, in *Shrewsbury,* the Delaware Supreme Court held that summary judgment was inappropriate where a mortgage holder sought foreclosure on a property but did not produce the promissory note, claim to be the holder of the note, or claim to be entitled to enforce the note.[11] Mr. Rivera cites no other authority in support of his argument. Moreover, Mr. Rivera acknowledges the genuineness of the modification. On one hand he argues that the modification supports his claim that the amount due *in rem* is less than that claimed by JP Morgan. On the other hand, he contradictorily argues that the document supports his claim of avoidance because it was not recorded.

Rather than the aforementioned defense of avoidance, Mr. Rivera's focus at oral argument was his challenge of the amount of the *in rem* judgment. In this regard, JP Morgan submitted an affidavit evidencing that the total amount due to date is $455,790.75 plus attorney's fees, with accruing interest. After reviewing and considering Mr. Rivera's submission of the 2012 loan modification at the hearing, the Court notes that the loan modification explicitly provides that "[a]ll terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect". Mr. Rivera does not articulate an argument regarding how or why the 2012 loan modification altered Defendants' responsibility to pay late fees or fees associated with foreclosure. Moreover, he offered no affidavits and demonstrated no evidence impacting the amount allegedly due. In fact, he presents no evidence of even a single payment on the account balance. The

[10] 160 A.3d 471 (Del. 2017).
[11] *Id.* at 478.

4

Court does not find that Mr. Rivera demonstrated evidence that generates a triable issue of fact regarding the amount due on the mortgage. Consequently, summary judgment *in rem* is appropriately granted in favor of JP Morgan for the amounts articulated in its affidavit.

In conclusion, JP Morgan is entitled to judgment *in rem* in this matter in the amount of $455,790.75 plus attorney fees of $21,288.43, together with interest accruing at the legal rate and costs. Final judgment *in rem* is hereby entered in that amount.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge

JJC:jb