## MARY F. FROST *vs.* CHARLES P. GEORGE.

Suffolk.    November 19, 1901. — May 19, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Mortgage,* Of chattels.   *Assignment.   Estoppel.*

If an acknowledgment of satisfaction and discharge of a chattel mortgage signed by the mortgagee on the margin of the record in the city clerk's office is to be treated as an assignment of the title to the goods to the mortgagor, it does not become operative until brought to his knowledge.   If it is to be treated as an acknowledgment of payment, it can only operate by way of estoppel after some one has acted on it.   Therefore, if such an entry on the margin of the record is made by mistake by a mortgagee, he may revoke it at any time before it is known to the mortgagor, and may show in an action brought against him for taking the goods under his mortgage, that the debt secured by the mortgage was never paid, that the discharge on the margin was made by mistake, and that he cancelled it on the margin before the mortgagor learned of its existence.

A mortgagee under a chattel mortgage signed by mistake a discharge of it upon the record in the city clerk's office which he afterwards revoked before it was known to the mortgagor.   Between the time of the writing of the discharge and its revocation the mortgagor had given to another a bill of sale of the mortgaged chattels stating them to be "subject to one mortgage", the only mortgage to which the property was subject being the one already named.   In an action by the holder of the bill of sale against the mortgagee for taking possession of the chattels under his mortgage, the plaintiff offered to show that the mortgagor when he gave the bill of sale to the plaintiff told him that the mortgage on the chattels had been fully paid.   In fact no part of it had been paid.   The evidence was excluded.   *Held,* that the exclusion was right.   The offer was not to prove a statement that the mortgage had been discharged upon the record, and the mortgagor then did not know of the defendant's entry on the record, which afterwards was revoked before he heard of it, and it did not appear that the plaintiff took the transfer relying on the statement.   The fact that the mortgagor told the plaintiff that the mortgage was paid when it was not was immaterial.

TORT for the alleged conversion of certain stock in trade and fixtures taken by the defendant under a mortgage made by one Samuel R. King, which the plaintiff alleged to have been paid and discharged.   Writ in the Municipal Court of the City of Boston dated September 25, 1900.

On appeal to the Superior Court the case was tried before *Gaskill,* J., who ordered a verdict for the defendant.   The plaintiff alleged exceptions.

The case was argued at the bar in November, 1901, and afterwards was submitted on briefs to all the justices.

*H. P. Harriman & J. F. Neal*, for the plaintiff.

*J. E. Hannigan*, for the defendant.

LORING, J. This was an action of tort for the conversion of the stock and fixtures of a drug store in Woburn. The property originally belonged to one Samuel R. King, who mortgaged it to the defendant in December, 1899, and the mortgage was recorded both in Woburn and in Everett, where King had his residence. King also had mortgaged to the defendant the stock and fixtures of another drug store, the other drug store being situated in Everett, and that mortgage was also recorded in the city clerk's office of Everett. In the month of January, 1900, King paid the amount due on the mortgage on the fixtures in the other drug store, and on January 31, 1900, the defendant, intending to release that mortgage, by mistake made the following entry on the margin of the record of the mortgage in question in the city clerk's office of Everett:

"Everett, Mass., January 31, 1900. Having received satisfaction in full on the within mortgage, and the note thereby secured, the same are hereby cancelled and discharged. Charles P. George."

On March 1, 1900, King transferred the property by a bill of sale to the plaintiff "subject to one mortgage," and it is stated in the bill of exceptions that "the only mortgage to which the property was subject on March 1, 1900, is the one in question." In the following August the plaintiff removed "a portion of the goods in said store, . . . the goods covered by the mortgage being left in the store." Later in the month the defendant removed the property covered by the mortgage from the drug store, at the request of the owner of the store, and in September this action was brought against him for a conversion of that property.

At the trial the defendant was allowed to testify, against the plaintiff's objection, that the debt secured by the mortgage in question never had been paid; that the discharge on the margin of the record of it was made by mistake and was cancelled on the margin on March 15, 1900, that is to say, a fortnight after the property was transferred to the plaintiff.

Whether this so-called discharge in the margin of the record is to be treated as an assignment to the mortgagor of the personal property covered by the mortgage, or merely an acknowledgment of the payment of the mortgage debt, is not clear.

There is no authority in the statutes for discharging a chattel mortgage and transferring the interest of the mortgagee by an entry on the margin of the record of such a mortgage as there is in case of a mortgage of real estate; and there is no similarity between the two. In the case of real estate, the mortgage has to be recorded in the registry of deeds because a conveyance of real estate, to be valid against the world, must be by deed acknowledged and recorded, and on full performance of the condition of such a mortgage, whether before or after breach of condition, the mortgagor is entitled to a release of the mortgagee's interest in order that the record title to his land, free of the mortgage, shall be complete; Pub. Sts. c. 120, § 25; and by statute this release may be made by an acknowledgment of the satisfaction of the mortgage made in the margin of the record, and when so made it has the same effect as a release acknowledged and recorded in the registry of deeds. Pub. Sts. c. 120, § 24. The record of a mortgage of personal property, however, is an entirely different thing. A transfer of the title to personal property can be made by word of mouth, and when so made is valid as against all the world if possession is delivered to the transferee; and where the mortgagor does not wish to deliver to the mortgagee possession of the personal property mortgaged, the statute provides that the mortgage may be recorded in place of giving the mortgagee possession of the mortgaged personal property. Pub. Sts. c. 192, § 1.

When the mortgage of a chattel is recorded, it stands on the same basis as if the mortgagee had taken possession of the chattel mortgaged, except only in the matter of foreclosure. The statute provides that in foreclosing a chattel mortgage which has been recorded the notice of intention to foreclose must be recorded (Pub. Sts. c. 192, § 8), while the notice need not be recorded if the mortgage was valid without being recorded. *Taber* v. *Hamlin*, 97 Mass. 489. In case of a chattel mortgage, therefore, no release is necessary in case of performance, whether before or after the time appointed, to perfect the

title of the mortgagor.   Pub. Sts. c. 192, § 6.   *Weeks* v. *Baker*, 152 Mass. 20.   The mortgagee's interest is transferred by agreement not in writing and not recorded, and the mortgagor's title is complete without any record of a release or discharge.   For the difference between a mortgage of real estate and of personal property, see *Bigelow* v. *Smith*, 2 Allen, 264.

It is apparent, therefore, that an acknowledgment of payment of a chattel mortgage and a discharge of the same made in the margin of the record of the mortgage in the city clerk's office derives whatever effect it has from the principles of common law.

If the entry in question made on the margin of the record is to be construed to be an assignment of the title to the chattels covered by the mortgage to the mortgagor who was in possession, it was not operative until brought to the mortgagor's knowledge.   In the case at bar there is no evidence that at the time it was made the discharge was known to the mortgagor.   And we are of opinion that the offer to prove " that said Samuel R. King, at and prior to the conveyance to her of said drug store on March 1, 1900, the defendant not being present, informed Frank B. King, who then and there represented the plaintiff in the taking of said conveyance from said Samuel R. King, that the mortgage on said drug store in Woburn had been fully paid " was not an offer to prove that the plaintiff's agent had been told that` this mortgage had been discharged.   King's statement to the plaintiff did not purport to be in any way connected with the entry on the margin of the record of the mortgage, and did not purport to be a statement that there was such a record.   If the entry is to be treated as a discharge, it was revoked before it was known to the mortgagor or his assignee.

If the entry is to be construed to be nothing more than an acknowledgment of payment, it could be revoked at any time before an estoppel was raised by some person acting on it.   But not only was there no offer to prove that the plaintiff, the assignee of the mortgagor, knew of the entry, but there was no pretence that she parted with value relying upon it; so the defendant was not estopped from setting up that the acknowledgment was made by mistake when he erased it.

For the reasons already given, the plaintiff's offer to prove that King told the plaintiff's agent at the time of the transfer

that the mortgage was paid cannot affect the rights of the defendant.   It does not appear that the plaintiff paid anything or that she took the transfer relying on this statement of King; all that appears is that she took a transfer of the property subject to one mortgage, namely, the mortgage in question.   Under these circumstances, the fact that King told her this mortgage was paid, when it was not, was immaterial.

*Exceptions overruled.*