MICHAEL J. CROWLEY *vs.* SUSAN P. ADAMS & another.

Suffolk.    March 6, 1917. — May 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Mortgage,* Of real estate, Payment.    *Bona Fide Purchaser. Land Court,* Jurisdiction.

While, as between the parties to a mortgage of real estate, the mortgage is a conveyance of the property in fee as security to the mortgagee for the payment of the mortgage debt, yet a payment of that debt before the date set therefor in the mortgage terminates the mortgagee's interest and, even without a formal release or reconveyance, revests the legal title in the mortgagor or his assigns.

Where a judge of the Land Court finds, upon facts reported by a master which warranted him in so finding, that a petitioner for the registration of a title to certain land derived his title from one who, in behalf of the alleged assignee of a mortgage, had purchased the land at a sale in foreclosure of the mortgage and that at the time of the assignment of the mortgage the debt secured by it had been paid although no discharge or release of it ever had been recorded, the petition properly may be dismissed.

If, at the date of the assignment of a mortgage of real estate, the obligations secured thereby have been fully performed although no formal discharge or release has been recorded, a subsequent foreclosure by the assignee by a sale under the power in the deed does not pass any title to the purchaser at the sale nor to any one deriving his title, even if such purchaser bought for value and without notice of such facts.

Under the circumstances above described one claiming under the mortgagor can assert his rights in the Land Court without first resorting to equity to compel a reconveyance of the legal title, and there can defend successfully against the petition of one claiming under the purchaser at the alleged foreclosure sale and seeking to have his title registered.

PETITION, filed in the Land Court on March 1, 1913, for the registration of the title to two parcels of land in that part of Boston known as West Roxbury.

After the filing of the report of the examiner appointed by the Land Court and the issuance and return of a citation and the joining of issues, the case was referred to a master and, after the filing of his report, was heard by *Corbett,* J. It appeared that the petitioner derived his title from one who, in behalf of one Ellen S. Murphy, purchased the two parcels of land at sales in foreclosure of mortgages alleged to have been assigned to her. The petitioner's title to the second parcel rested upon a mortgage that was assigned

to Ellen S. Murphy more than thirty-five years after the expiration of the time limited in the mortgage for the full performance of the condition thereof, and as to the first parcel on an assignment more than thirty-two years after the expiration of the time for performance of that mortgage. The material facts are stated in the opinion. The judge confirmed the master's report and dismissed the petition; and the petitioner appealed.

*C. H. Dow,* for the petitioner, submitted a brief.

*S. K. Hamilton,* for the respondents.

BRALEY, J. The petitioner having waived his exceptions to the master's report, and the evidence not having been reported, the question is whether the findings and rulings of the trial judge were warranted by the report and the inferences of fact therefrom which could be properly drawn. *Kennedy* v. *Welch,* 196 Mass. 592, 594.

It is settled in this Commonwealth that as between the parties a mortgage is regarded as a conveyance in fee for the protection of the mortgagee, but until foreclosure, the mortgage in equity constitutes a lien for security of the debt or obligation, subject to which the property can be dealt with as the estate of the mortgagor. *Bailey* v. *Wood,* 211 Mass. 37, 44, and cases cited. *Norcross* v. *Norcross,* 105 Mass. 265, 266. The debt secured being the principal, and the mortgage an incident, payment of the debt before the date of performance terminates the interest of the mortgagee and no release or reconveyance is necessary to revest the legal title in the mortgagor, although a discharge may properly be demanded to clear the record title. *Frost* v. *George,* 181 Mass. 271, 275. *Flye* v. *Berry,* 181 Mass. 442, 443. R. L. c. 127, § 34, as amended by St. 1908, c. 149. See St. 1909, c. 160.

The master in tracing the alleged title to the second parcel finds, that the note and mortgage under which the petitioner claims, given by Blazo to Prescott, were regarded as paid by a subsequent mortgage given by Blazo and his wife, who by mesne conveyances had become an owner with him of the equity of redemption, to one Brown for a similar amount. This finding is well warranted, for it appears that after Brown's death the mortgagors conveyed their interest to Susan P. Adams, his only heir, and that for her benefit the Blazo-Prescott note and mortgage were transferred by assignment and delivered to her husband

by the administrator of Prescott, and for more than thirty-five years these instruments have remained in the possession of Brown's representatives.

It will be convenient to discuss the remaining questions as to this parcel in connection with the petitioner's alleged title to the first parcel. The common grantor was Blazo, who upon acquiring title gave a mortgage with power of sale to the grantor presumably to secure the purchase money, who assigned the mortgage to Coffin, and more than twenty years thereafter this mortgage was assigned to Ellen S. Murphy by the administrators with the will annexed of his estate. The report states that "no mortgage deed, note or previous assignment was in the possession of or was delivered, or indorsed or transferred, by them to said Murphy," and the master's explicit findings are, that without payment of any consideration she procured the assignments of both mortgages, under the foreclosure of which the petitioner claims title to both parcels, by falsely representing that the assignments were necessary "to clear up the title" to the lands in which she is not shown to have had any pecuniary or other interest. While the judge's findings, that from the lapse of time and the disappearance or non-existence of the note and mortgage relating to the first parcel, the various transactions as to the second parcel, and the undisputed possession of the premises by Brown and his heirs for over twenty years before the setting on foot of the fraudulent attempt to obtain the lands, amply support his conclusion, that the presumption of payment had not been overcome, the petitioner, who is not found to have been a participant or to have known of Murphy's scheme, contends, that as the assignment to Adams had not been recorded when the assignment to Murphy was procured, and payment in each instance having been made after the notes were overdue, he had the better title. *Howland* v. *Shurtleff*, 2 Met. 26. *Cheever* v. *Perley*, 11 Allen, 584, 586. *Jenkins* v. *Andover Theological Seminary*, 205 Mass. 376, 379. *Swasey* v. *Emerson*, 168 Mass. 118, 120.

It is plain, however, that if at the date of the assignments to Murphy the debts secured had been paid, as the judge found, there was no default or breach of condition, and under such circumstances the foreclosure in each instance, whether by entry or by sale under the power, did not pass a good title either

to the person entering or to the purchaser even if the purchaser bought for value and in good faith, or to any subsequent purchaser claiming under him without notice. *Rogers* v. *Barnes,* 169 Mass. 179, 184. *Temple* v. *Phelps,* 193 Mass. 297, 301. And the question whether under the conditions previously referred to, including the records in the registry of deeds and registry of probate as set forth in the report, Murphy should be held to have known as to each transaction, that possession of the note was essential to an enforceable mortgage, without which neither mortgage could be effectively foreclosed, and whether not finding the note in the possession of the administrator of the mortgagee she was put upon inquiry, need not be discussed nor determined. If the technical legal seisin without any beneficial interest may be treated as passing to Murphy under her assignments because the notes were paid after maturity, *Swasey* v. *Emerson,* 168 Mass. 118, yet as there was nothing due under either mortgage, the respondents claiming under the mortgagor, upon payment having been proved, can assert their title at law against the mortgagee or those claiming under him and need not resort to equity for a reconveyance. *Wade* v. *Howard,* 11 Pick. 289. *Fay* v. *Cheney,* 14 Pick. 399, 401. *Baker* v. *Gavitt,* 128 Mass. 93, 96. *Barnes* v. *Boardman,* 149 Mass. 106, 114, 115.

The petitioner having failed to show that he owned an estate or any easement or rights in fee simple in the lands described in the petition, the decree refusing registration should be affirmed. R. L. c. 128, §§ 1, 18, as amended by St. 1905, c. 249, §§ 1, 2. *Baxter* v. *Bickford,* 201 Mass. 495. *Battelle* v. *New York, New Haven, & Hartford Railroad,* 211 Mass. 442.

*Ordered accordingly.*