SARAH W. DERBY, administratrix, *vs.* BENJAMIN
DERBY & others.

Middlesex.    March 6, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, Legacy to witness, What estate.

The owner of a farm conveyed it to two nephews, receiving therefor a
promissory note for $4,000 secured by a mortgage on the farm.   About
seventeen years later he made a will by which he gave to two nieces and
another nephew, B, all his property "with the exception of the farm
. . . which I recently deeded to . . . [the two nephews] and which
I hold a mortgage on.   It is my desire that . . . [a third niece] and
my nephews . . . [the grantees] have use of said farm as long as they
so desire by paying the interest on the mortgage note.   After they get
through with the farm it is my desire that my great nephew . . . be
given the farm to do as he may deem best."   The nephew B was a
witness to the will.   While the mortgage note was overdue, the testator
died.   B relinquished his claim as beneficiary under the will and the
will was admitted to probate.   The note then was paid to the adminis-
trator with the will annexed, and he by a bill in equity sought instruc-
tions.   *Held*, that

(1) The provisions of the will for the benefit of B having become void
under G. L. c. 191, § 2, the property included therein must be adminis-
tered as intestate estate;

(2) The provisions of the will showed that the testator intended that
the grandnephew should have the mortgage and note as they were at
the testator's death;

(3) The administrator should pay to the grandnephew, after making
allowances for costs as between solicitor and client in the proceedings,
the balance of the amount the administrator received upon the payment
of the principal of the note and also interest which he received for the
period between the date of the death of the testator and the date of
the payment of the note and interest from the date of such payment
to the date of the decree.

PETITION, filed in the Probate Court for the county of
Middlesex on November 24, 1923, by the administratrix
with the will annexed of Edward Derby, late of Concord,
for instructions.

The petition was heard in the Probate Court by *L. E.
Chamberlain*, J.    Material facts are described in the opinion.

By order of the judge, the decree described in the opinion was entered. The petitioner and Annie H. Derby, Benjamin Derby and Benjamin Edward Derby, respondents, appealed.

*C. S. Wing,* for the petitioner and Annie H. Derby.

*G. K. Gardner,* for the respondents Benjamin Derby and Benjamin Edward Derby.

SANDERSON, J.    Edward Derby died February 3, 1922, leaving a will, which has been proved and allowed, the material part of which is in the following language: "I do declare in this my last will and testament that I desire to have all my property of whatever nature it may be left to my two nieces Sarah W. and Annie H. Derby and my nephew Benjamin Derby, with the exception of the farm at Nine Acre Corner, Concord, Mass., which I recently deeded to Henry and Harvey C. Derby and which I hold a mortgage on. It is my desire that my niece Ida and my nephews Henry and Harvey C. Derby have use of said farm as long as they so desire by paying the interest on the mortgage note. After they get through with the farm it is my desire that my great nephew Benjamin Edward Derby be given the farm to do as he may deem best." The will was executed the day before the testator's death. This petition is brought by the administratrix with the will annexed for its construction and for instructions.

From the facts admitted in the pleadings and stated in the decree it appears that the bequest to Benjamin Derby, the third named beneficiary, who was a witness to the will, became void by virtue of G. L. c. 191, § 2, and that he has relinquished his claim as beneficiary under the will. The farm referred to in the will was conveyed by the testator in 1905 to Henry Derby, who gave him in return therefor a promissory note for $4,000 signed by himself and his son, Harvey C. Derby, payable on demand and secured by a mortgage on the farm; and this mortgage and note were held by the testator at the time of his death but the note has been paid to the petitioner since the bringing of this petition. The Probate Court decided that the testator gave to the respondent, Benjamin Edward Derby, all the interest he had at his

death in the farm at Nine Acre Corner, namely, the mortgage thereon and the note which it secured; that inasmuch as this note had been paid to the petitioner, she was to pay the respondent, Benjamin Edward Derby, the principal sum of $4,000, with interest at the rate of four per cent per annum from the date of its payment to her, with an allowance for costs to be deducted therefrom; and that the bequest to Benjamin Derby, one of the witnesses, became void and the interest thereby given became intestate estate; and its distribution was ordered to the next of kin of the testator in the proportions stated in the decree after making certain allowances for costs from the residue.

The decree properly ordered that the void legacy to Benjamin Derby be administered as intestate estate. *Powers* v. *Codwise,* 172 Mass. 425. *Lyman* v. *Coolidge,* 176 Mass. 7. *Dresel* v. *King,* 198 Mass. 546, 548.

A mortgage as between the parties conveys a fee in land subject to redemption. Until foreclosure it constitutes a lien for the security of the debt or obligation, subject to which the property may be dealt with as the estate of the mortgagor. *Ewer* v. *Hobbs,* 5 Met. 1, 3. *Page* v. *Robinson,* 10 Cush. 99, 102. *Kinney* v. *Treasurer and Receiver General,* 207 Mass. 368, 370. *Crowley* v. *Adams,* 226 Mass. 582. *United States Trust Co.* v. *Commonwealth,* 245 Mass. 75, 78, 79, and cases there collected. At the time when the will was made, the testator held this mortgage to secure a note for the purchase price of the farm. It seems that at the time of the testator's death nothing had been paid on the principal. The will shows that the testator knew he had conveyed the farm; but he may have believed that, holding a mortgage for its purchase price, he virtually controlled it and could have the legal title to it whenever he decided to foreclose the mortgage. He must have intended by the gift of the farm that Benjamin Edward Derby should receive the testator's interest therein which was represented by a mortgage carrying with it as an incident the note which it secured. But it is apparent that he did not wish his niece and nephews, who were occupying the farm, to be disturbed in their occupancy, so long as "they so desire by paying the interest

on the mortgage note"; and this provision would be carried out by construing the will to mean that Benjamin Edward Derby should not disturb their possession of the farm so long as they paid the interest on the mortgage note. To fulfil this testamentary purpose, now that the mortgage note has been paid to the petitioner, the decree properly directs that she pay Benjamin Edward Derby the principal sum received with interest at four per cent since March 1, 1924, the date of the payment to her; but there should be a further order for the payment of the interest which accrued on the mortgage note between the date of the testator's death and March 1, 1924. The exception of the farm in the first clause, and the gift of the farm (meaning mortgage) to Benjamin Edward Derby in the third clause, and the provision in the second clause for the payment of interest on the mortgage note as the condition upon which the occupants of the farm should be permitted to have the use of it, all indicate an intention that Benjamin Edward Derby should have the mortgage and note as they were at the testator's death, including interest from that date.

The second sentence of paragraph one of the decree should be modified by directing the petitioner to pay Benjamin Edward Derby the interest received by her which had accrued on the mortgage note between the date of the testator's death, February 3, 1922, and the date of the payment to the petitioner, March 1, 1924, in addition to the interest after March 1, 1924, already allowed by the decree; and as thus modified, the decree is affirmed; additional costs to be in the discretion of the Probate Court.

*Ordered accordingly.*