## HARLOW REALTY COMPANY *vs.* JOHN L. COTTER.

Suffolk.    February 8, 1933. — September 12, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Mortgage,* Of real estate: bankruptcy of mortgagor, foreclosure. *Writ of Entry.*

An entry by a mortgagee of real estate upon the mortgaged premises after default by the mortgagor, and a subsequent foreclosure sale and deed in due form in accordance with a power of sale in the mortgage convey a good title, although, before the entry and foreclosure, the mortgagor had been adjudicated a bankrupt and although the mortgagee did not, prior to the foreclosure, obtain permission from the referee in bankruptcy or from the United States District Court for the foreclosure.

WRIT OF ENTRY in the Land Court, dated June 20, 1932.

The writ was heard by *Corbett*, J. Material facts found by him are stated in the opinion. He ordered judgment for the demandant. The tenant appealed.

*J. L. Cotter, pro se.*

*G. K. Richardson,* (*S. W. Wolcott* with him,) for the demandant.

RUGG, C.J. This is a writ of entry. The facts are that the tenant gave a power of sale mortgage on the demanded premises in 1927, was adjudicated a bankrupt on January 12, 1932, and a trustee of his estate was appointed on February 3, 1932. The mortgagee, for breach of condition of the mortgage, on March 30, 1932, made entry on the mortgaged premises and made and caused to be recorded certificate of such entry and also exercised the power of sale pursuant to the terms of the mortgage and sold the premises at auction on April 20, 1932, and deed thereof was duly recorded. The purchaser at the foreclosure sale deeded the premises to the demandant. The mortgagee knew when it exercised its power of sale that the tenant had been adjudicated a bankrupt and a trustee appointed, and did not prior to the foreclosure obtain permission from the referee in

bankruptcy or from the United States District Court for the foreclosure of the mortgage. The point to be decided is whether without such permission the foreclosure was valid. No question is raised as to the regularity of the foreclosure except in this one particular.

In a writ of entry the demandant must recover upon the strength of his own title and not upon the weakness of that of the tenant. Failure of the demandant to prove his title is fatal to his case. The possessory title of the tenant is good against everybody but the true owner. *Butrick* v. *Tilton*, 141 Mass. 93, 96.

The law of this Commonwealth has long been settled that a mortgage of real estate as between the mortgagor and the mortgagee is regarded as a conveyance in fee in order to give to the mortgagee effectual security for his debt or the performance of some other obligation due to him. It is a conveyance of real estate, or of some interest therein, defeasible upon the performance of a stated condition. The mortgagee is the holder of the paramount title. *Ewer* v. *Hobbs*, 5 Met. 1, 3. *Howard* v. *Robinson*, 5 Cush. 119, 123. *Crowley* v. *Adams*, 226 Mass. 582. *United States Trust Co.* v. *Commonwealth*, 245 Mass. 75, 78. *Derby* v. *Derby*, 252 Mass. 176, 178. Therefore the mortgagee named in the mortgage of 1927 at that time acquired the legal title to the demanded premises and continued to hold it until the adjudication in bankruptcy. There is some divergence of view among the several States of the Union touching the nature of rights conferred by a mortgage as between the mortgagor and the mortgagee. See for review and classification Jones on Mortgages (6th ed.) §§ 17–59. But there has been no doubt as to the law of this Commonwealth, at least not since the decision of *Ewer* v. *Hobbs*, 5 Met. 1, in 1842.

It is the plain provision of G. L. (Ter. Ed.) c. 244, §§ 1, 2, that the mortgagee after condition broken may recover possession of his land by an open and peaceable entry thereon in the presence of two witnesses and record within thirty days of appropriate certificate of these facts and possession so obtained if continued peaceably for three years shall

forever foreclose the right of redemption. It is likewise provided by §§ 14, 15, of the same chapter that the mortgagee may, upon breach of condition and without action, foreclose the mortgage in accordance with the power of sale in the mortgage, and, with specifications in § 14, including publication of notice, sell and convey title to the mortgaged premises, and that record of the sale with the required affidavits of compliance with the terms of the power and of the statute shall vest title in the buyer. These statutes have been in force in substance for a great many years. It is common practice for mortgagees to use both these methods of foreclosure concurrently, as did the mortgagee in the case at bar. Until default in the performance of the conditions of the mortgage the mortgagor has a right (unless otherwise provided in the mortgage) to possession of the mortgaged premises and to receive rents and profits therefrom. G. L. (Ter. Ed.) c. 183, § 26.

It was held in *Hall* v. *Bliss,* 118 Mass. 554, the court speaking through Chief Justice Gray, that adjudication of bankruptcy under the law in force in 1871 did not prevent the exercise of the right of foreclosure by the mortgagee in accordance with the power contained in the mortgage and with the provisions of the statute without the consent of the bankruptcy court. It was said that the power of a mortgagee to sell the mortgaged real estate in the law of this Commonwealth, being a power coupled with an interest in the real estate, "could not be revoked by the mortgagor; and the authority of the mortgagee to execute it in the mortgagor's name and as his attorney was not affected by his bankruptcy; for his assignee could only take subject to the rights of the mortgagee. . . . And the authority to execute the power in the name of the mortgagee would continue notwithstanding the bankruptcy, or even the death, of the mortgagor." The authority of this decision has never been questioned so far as we are aware. *Mulloney* v. *Black,* 244 Mass. 391, 394. It was held in *Harvey* v. *Smith,* 179 Mass. 592, 594, that the power of sale contained in a mortgage is a power coupled with an interest, that it cannot be revoked and that it is not affected by a decree of

a Federal court to which the mortgagee is not a party enjoining the mortgagor from transferring any interest in the mortgaged property.

The rights of the mortgagee under whom the demandant claims title were fixed when the mortgage was given in 1927. The mortgagee then by virtue of the mortgage acquired the fee to the real estate in question, subject to rights of the mortgagor. The subsequent bankruptcy of the mortgagor in 1932 could not divest the mortgagee of the rights then acquired, either to take possession of the real estate or to sell it under the power. The trustee in bankruptcy could acquire no rights superior to those of the mortgagee. He could take only the rights of the bankrupt mortgagor and those were subject to the rights of the mortgagee. The right of the mortgagor was simply to occupy the real estate until default in the observance of the conditions of the mortgage. The mortgagee by taking possession of the premises by peaceable entry and by selling the same under the power of sale was exercising his title acquired in 1927. Doubtless the filing of the petition in bankruptcy was "a *caveat* to all the world, and in effect an attachment and injunction" which prevents the acquirement of new interests in the property of the bankrupt. *Mueller* v. *Nugent,* 184 U. S. 1. *May* v. *Henderson,* 268 U. S. 111, 117. In *Hiscock* v. *Varick Bank of New York,* 206 U. S. 28, 41, it was said by Chief Justice Fuller speaking for the court with respect to a lien upon insurance policies of the bankrupt: "When the petition in the present case was filed the bank had a valid lien upon these policies for the payment of its debt. The contracts under which they were pledged were valid and enforceable under the laws of New York where the debt was incurred and the lien created. The bankruptcy act did not attempt by any of its provisions to deprive a lienor of any remedy which the law of the State vested him with; on the other hand, it provided, § 67*d:* 'Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to im-

part notice, shall not be affected by this act.' *Mueller* v. *Nugent*, 184 U. S. 1, is not to the contrary, as explained in *York Manufacturing Company* v. *Cassell*, 201 U. S. 344." It would seem that the exception in § 67d of the bankruptcy act includes all rights of the mortgagee in the case at bar. In *Straton* v. *New*, 283 U. S. 318, it appeared that commissioners, appointed by a State court pursuant to judgment constituting a lien entered more than four months before the filing of the petition in bankruptcy, were proceeding to enforce the liens and to sell the land. It was held after a full review of relevant decisions that the bankruptcy petition and adjudication did not oust the State court of jurisdiction and that proceedings of that nature in the State courts were not suspended or superseded by the bankruptcy act. In principle that decision, which distinguished *Isaacs* v. *Hobbs Tie & Timber Co.* 282 U. S. 734, seems to us to govern the case at bar. To the same effect are *In re Genestri*, 12 Fed. Rep. (2d) 456, affirmed in 15 Fed. Rep. (2d) 764. *In re Hudson River Navigation Corp.* 57 Fed. Rep. (2d) 175. The *Isaacs* case related to a proceeding in court to enforce a lien while the case at bar is the assertion of a title acquired more than three years prior to bankruptcy.

We are therefore of opinion that the foreclosure sale was valid in the circumstances here disclosed.

It is not necessary to consider what rights the trustee in bankruptcy of the mortgagor would have had if he had sought injunction against the foreclosure. If the mortgagee had improperly exercised the power of sale, doubtless the trustee of the bankrupt mortgagor could by appropriate proceedings set aside the sale. The trustee would be entitled to the excess above the mortgage debt and expenses, if any, received at the foreclosure sale. Proceedings in the bankruptcy court since the bringing of the present writ resulting in confirmation of the sale are not pertinent to the present proceeding. All these matters are aside from the decision of the case at bar.

The deed under the power in the mortgage even if invalid as a foreclosure sale at least operated as an assignment to

the demandant of the mortgage under which an entry upon the premises had been made and such mortgage title would support a writ of entry against the tenant who shows no title. *Holmes* v. *Turner's Falls Co.* 142 Mass. 590, 591.

No error of law is shown on the record.

*Order for judgment for demandant affirmed.*