**CHARLESTOWN FIVE CENTS SAV. BANK v. WHITE, Former Collector of Internal Revenue.**

No. 6971.

District Court, D. Massachusetts.

Dec. 11, 1939.

Marcus L. Sherin, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., by C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., and C. Stanley Titus, of Washington, D. C., for defendant.

FORD, District Judge.

This is a suit for the recovery of stamp taxes amounting to $89.50, with interest, and it presents the question as to whether a deed to real estate given by a mortgagee

to itself as purchaser at a foreclosure sale is taxable under the provisions of Section 725 of the Revenue Act of 1932, 26 U.S.C. A. § 906a, the applicable portion of which reads as follows:

"*Conveyances* Deed, instrument, or writing, * * * whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, * * *."

The facts are not in dispute as a result of a stipulation filed by the parties, and are as follows:

The plaintiff was the mortgagee of premises numbered 114–118 Glenville Avenue and 10 Long Avenue, Boston, Massachusetts. The mortgage in question was given to the plaintiff upon the condition that for any breach thereof the mortgagee had the Statutory Power of Sale. For breach of condition the plaintiff-mortgagee made a peaceable entry upon the premises for the purpose of foreclosing the mortgage under the provisions of the General Laws of Massachusetts, Tercentenary Edition, Chapter 244, Section 1, and also duly advertised the premises for sale at public auction under the statutory power and sold the premises to itself, which it was empowered to do under the provisions of Chapter 183, Section 25, Massachusetts General Laws, Ter. Ed. The treasurer of the plaintiff executed the statutory form of foreclosure deed and affixed thereon internal revenue stamps to the amount of $89.50, which amount with interest, is sought to be recovered in this suit.

Similar suits for stamp taxes are pending in this court and it is agreed that the decision in this case will govern the issues involved therein.

Two methods for the foreclosure of mortgages after breach of condition are provided by the Massachusetts statutes; one, foreclosure by recovery of possession by open and peaceable entry or action, which if continued peaceably for three years shall forever foreclose the right of redemption (Chapter 244, Section 1, Massachusetts General Laws, Ter. Ed.); and the other, foreclosure under the power of sale given in the mortgage after publication of newspaper foreclosure notices of the sale under the provisions of Chapter 244, Section 14, Massachusetts General Laws, Ter. Ed. It is also provided in this section of the Massachusetts statutes that:

"A notice of sale in the above form, * * * shall be a sufficient notice of the sale; and the premises shall be deemed to have been sold, and the deed thereunder shall convey the premises * * *."

And further, Section 18 of the same Chapter provides:

"Who may redeem. * * * The mortgagor or person claiming or holding under him may, after breach of condition, redeem the land mortgaged, unless the mortgagee, or person claiming or holding under him, has obtained possession of the land for breach of condition and has continued that possession for three years, or unless the land has been sold pursuant to a power of sale contained in the mortgage deed."

Chapter 183, Section 21, Massachusetts General Laws, Ter. Ed., describes the statutory power of sale in a mortgage such as is involved in this case. It reads in part, as follows:

"But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, * * * may *sell* the mortgaged premises * * * by public auction * * * and may *convey* the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity." (Italics supplied.)

As noted above, Section 25 of the same Chapter of the statutes gives the mortgagee the right to purchase at the foreclosure sale unless the contrary is stated in the mortgage.

Although the plaintiff admits that if the above premises were sold to a third party at the foreclosure sale the deed acquired by the stranger would be subject to the tax provided by Section 725 of the Revenue Act of 1932, yet it contends that where the foreclosure deed is acquired by the mortgagee under a valid execution of the power of sale, the effect is merely to cut off the mortgagor's right of redemption and consequently no sale has taken place. And it maintains, in support of this contention, that inasmuch as under Massachusetts law the mortgagee takes legal title to the property conveyed, defeasible only upon the performance of certain conditions by the mortgagor, a foreclosure deed to the mortgagee itself does not transfer or convey

any lands, tenements, or other realty sold, within the meaning of Section 725 of the Revenue Act of 1932.

Under the language of the Massachusetts statutes cited above and of the mortgage deed in question, it is very difficult in any way to agree with the contention made by the plaintiff. Certainly, under the terms of the mortgage, the plaintiff was given the power to *sell* the premises upon breach of conditions; all the provisions of the Massachusetts statutes were followed in making a *sale;* the plaintiff was authorized by the statutes to *purchase* at the foreclosure sale and under the provisions of Section 14 of Chapter 244, Massachusetts General Laws, Ter.Ed., providing for procedure in foreclosure under a power of sale, the premises are deemed to have been *sold* and the deed thereunder to have *conveyed* the premises.

Further, the Massachusetts Supreme Court in the case of Harlow Realty Co. v. Cotter, 284 Mass. 68, at page 69, 187 N.E. 118, 119, said:

"The law of this commonwealth has long been settled that a mortgage of real estate as between the mortgagor and the mortgagee is regarded as a conveyance in fee in order to give to the mortgagee effectual security for his debt or the performance of some other obligation due to him. It is a conveyance of real estate, or of some interest therein, defeasible upon the performance of a stated condition. The mortgagee is the holder of the paramount title. * * "

And the case goes on to say that:

"* * * The mortgagee * * * *by selling the same* under the power of sale was exercising his title [previously] acquired * * *." (Italics supplied.)

A sale has been defined in Arnold v. North American Chemical Co., 232 Mass. 196, 199, 122 N.E. 283, 284, as:

"* * * the transfer of property from one person to another for a consideration of value. * * * The word implies ordinarily the passing from seller to buyer of the general and absolute title to property as distinguished from a special interest, a bailment, a license, a lease, a pawn or other limited right, falling short of complete ownership."

 Certainly, before the foreclosure sale, the conveyance of the plaintiff as mortgagee was defeasible by the performance of the conditions of the mortgage. There was nothing absolute about its title.

In fact, if the mortgagor paid the debt secured by the mortgage the interest of the mortgagee in the premises would be terminated and there would not be even need of a deed to re-convey the property to the mortgagor. All that would be done in this contingency would be the delivery of a discharge of the mortgage to the mortgagor in order to clear the record title. Crowley v. Adams, 226 Mass. 582, 583, 116 N.E. 241. The first important object of a mortgage is to give to the mortgagee an effectual security for the payment of a debt; another, is to leave to the mortgagor and to those claiming under or through him the full control, disposition and ownership of the estate. It is regarded between the mortgagor and mortgagee as a conveyance in fee as that construction secures to the mortgagee an ultimate right to the estate. It is for all intents and purposes security for a debt, not an estate. Until foreclosure, the interest of the mortgagee is a right to acquire an estate in the land rather than an actual estate. Ewer v. Hobbs, 5 Metc., Mass., 1. Smith v. Dyer, 16 Mass. 18.

Where there was a default in the conditions, as there was in this case, and a foreclosure ensued, it was a proceeding taking place under a power of sale given by the mortgage deed under the authorization of the statutes having the effect as has been previously described. The effect of the exercise of the power of sale was to terminate the estate of the mortgagor by forever barring him and those claiming under him from all right and interest in the mortgaged premises, which he had before the sale, and transferring an absolute estate to the mortgagee. The mortgagee could purchase at the sale and the transaction is of the same character and legal effect as in the case of purchase by a stranger.

The precise point raised here by the plaintiff was decided adversely to its contention in this case, in a case involving the construction of the word "sale" in an insurance policy, Boston Co-Operative Bank v. American Central Ins. Co. 201 Mass. 350, 351, 87 N.E. 594, 23 L.R.A.,N.S., 1147. See also, Schanberg v. Automobile Ins. Co. of Hartford, 285 Mass. 316, 318, 319, 189 N. E. 105.

 That the transfer to the plaintiff is for consideration of value cannot be denied. When the plaintiff bought at the foreclo-

sure sale and gave a deed to itself, it ended the equity of redemption of the mortgagor, and became responsible for the application of the purchase price as though it had received it upon a foreclosure sale to a stranger, and it was bound to apply it to the payment of the mortgage debt. Helvering v. Midland Mut. Life Ins. Co. 300 U. S. 216, 57 S.Ct. 423, 81 L.Ed. 612, 108 L.R. A. 436; Rogers v. Commissioner of Internal Revenue, 9 Cir., 103 F.2d 790; Barry v. Dudley, 282 Mass. 258, 184 N.E. 815.

■ My conclusion is that the deed in question was taxable. See Treasury Regulations 71, Article 112.

The defendant's motion for judgment is granted with costs.

The requests of the parties for conclusions of law, so far as they are consistent with the above, are granted, and, to the extent that they differ from the above, are denied.