WARNER B. GOFF vs. EDWARD B. WHITE & another[1]
(and a companion case[2]).

Nos. 93-P-130 & 93-P-131.

Suffolk. Bristol. January 11, 1994. - July 29, 1994.

Present: ARMSTRONG, PERRETTA, & JACOBS, JJ.

*Mortgage*, Foreclosure, Equity of redemption, Discharge. *Real Property*,
    Mortgage.

A mortgagee bank that in 1875 foreclosed on certain land by statutory
    entry and never exercised the power of sale in the mortgage, discharg-
    ing the mortgage in 1901, did not convey any interest in the property
    by purported conveyances in 1986 without covenants for consideration
    of one dollar, where the history of the bank's conduct and its records
    with respect to the property reflected its position as merely the holder
    of a security interest acquired by statutory entry and relinquished by its
    discharge of the mortgage. [131-132]

CIVIL ACTIONS commenced in the Land Court Department
on March 29, 1985, and in the Superior Court Department
on March 30, 1987.

The cases were heard by *Marilyn M. Sullivan*, J., sitting
under statutory authority.

*Robert G. Funke* for Edward B. White & others.

*Thomas T. Brady*, of Rhode Island, for Warner B. Goff &
another.

JACOBS, J. We address a single issue presented by these
cases:[3] whether a land court judge erred in concluding that

---

[1]Bristol County Savings Bank.

[2]The companion case was brought by Duane A. Butler against certain
heirs of Herbert A. Dean.

[3]A judge of the Land Court was designated to sit simultaneously in that
court and the Superior Court to hear the cases, one of which had been
entered in the Land Court in 1985, and the other in the Superior Court in
1987. The separate appeals before us were taken by Butler in the Land
Court action and White and the Bank in the Superior Court action. In the

White and Butler did not take title from purported conveyances to them by the Bristol County Savings Bank (Bank) of land which it had foreclosed as mortgagee. The parcels in dispute are located in Berkley and were part of land in Berkley, Freetown, and Taunton subject to a recorded mortgage given to the Bank by Herbert A. Dean in 1873. On March 31, 1875, the Bank foreclosed by statutory entry and recorded its certificate. General Laws c. 244, § 1, as appearing in St. 1991, c. 157, § 2, provides that "possession so obtained, if continued peaceably for three years . . . shall forever foreclose the right of redemption." The predecessor statute in effect in 1875, Gen. Sts. (1860) c. 140, contained similar provisions. See *Fletcher* v. *Cary*, 103 Mass. 475, 477 (1870).[4] There is no allegation that changes in the statute have affected the cases before us. Also, the record does not indicate, nor is it contended in this appeal, that any actions of Dean or the Bank within the three years following this entry prevented the statutory foreclosure of Dean's right of redemption from taking effect. See *McLaughlin* v. *Cosgrove*, 99 Mass. 4 (1868). See also *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 69-70 (1933). After the entry and until the Bank delivered deeds to White and Butler in 1986, the only relevant activity of record by either Dean or the Bank consisted of four releases executed by the Bank in 1884, 1885, 1886, and 1894, and a marginal notation of discharge of the mortgage in 1901.

The four releases were of specifically described parcels, not the land in question, and were made to Dean for consideration. The releases more particularly stated that they "shall

---

Superior Court case, White is adjudged to have acquired title by adverse possession to a small portion of the land in issue. Since Goff has not cross-appealed from this aspect of the judgment, we do not reach the adverse possession issue. See *Walsh* v. *Chestnut Hill Bank & Trust Co.*, 414 Mass. 283, 289-290 (1993). We also do not consider White's laches argument because there is nothing in the record indicating it had been raised and considered below. See *Troland* v. *Malden*, 332 Mass. 351, 356-357 (1955).

[4]The statutes governing the foreclosure by entry procedure have an early origin in the history of the Commonwealth, see *Lawrence* v. *Fletcher*, 8 Met. 153, 164 (1844), *S.C.*, 10 Met. 344 (1845), and have been reenacted and revised from time to time.

not in any way affect or impair the right of [the Bank] to hold under the said mortgage and as security for the sum remaining due thereon, all the remainder of the premises therein conveyed and not hereby released."[5] Subsequently, the following marginal notation was entered on the recorded mortgage: "May 23, 1901. The Bristol County Savings Bank acknowledges to have received full satisfaction and payment for the debt secured by the mortgage here recorded and doth therefore hereby cancel and discharge the same. Bristol County Savings Bank by Jos. E. Wilbur, President." The power of sale contained in the mortgage was never exercised, nor did the Bank assign the mortgage or convey any of the remaining land from 1901, the time of the marginal notation, until 1986, when it delivered deeds to White and Butler.

The judge determined that notwithstanding the apparent foreclosure of the right of redemption, it was logical to interpret the matter "in accordance with the presumed intent of the [Bank and Dean]." She concluded that "the various actions taken by the Bank are inconsistent with its claim of ownership . . . and rule[d] that the parties who rely on deeds from the Bank take nothing from these conveyances." In reaching this conclusion, the judge appears to have inferred that the partial releases and the discharge given by the Bank reflected its "true position [as] merely the holder of a security interest . . . ." She stated that her conclusion was buttressed by the failure of the Bank's records to show ownership of vacant land, and the lapse of time during which the Bank made no conveyances. She also found of some importance that White and Butler do not appear to be bona fide purchasers for value. The Bank's deeds to them state consideration of one dollar and the grants are made without covenants.

---

[5]Dean gave deeds for these same parcels to others, each for the same consideration as stated in the releases to him. Two of these conveyances are dated the same date as the Bank's releases, and two are dated prior to the releases. The circumstances might be interpreted to suggest that the Bank and Dean coordinated the disposition of these parcels in order to obtain payments against the mortgage.

The judge's factual inferences as to the intentions of Dean and the Bank are reasonable and well supported in the record. Her conclusion of law based thereon is also well founded since "a formal foreclosure of an equity of redemption by possession and lapse of time does not prevent redemption . . . where the true understanding is that a right to redeem shall nevertheless continue to exist." *Montuori* v. *Bailen*, 290 Mass. 72, 76 (1935). A mortgagee acquires an absolute title "after the lapse of three years from the time of . . . entry to foreclose, unless [it] waived or opened the foreclosure." *Trow* v. *Berry*, 113 Mass. 139, 147 (1873). Where, as here, the statutory time for redemption has elapsed and the statutory provision for thereafter opening a foreclosure is not applicable,[6] a court may look to "facts and circumstances from which . . . an agreement may be satisfactorily inferred, where the parties choose to consider the property as a mere security for an existing debt . . . ." *Lawrence* v. *Fletcher*, 8 Met. 153, 165 (1844), *S.C.*, 10 Met. 344 (1845).

Moreover, Pub. Sts. (1882) c. 120, § 24, in force at the time of the marginal notation of discharge of the mortgage, provided that "such [marginal] entry [signed by the mortgagee] shall have the same effect as a deed of release duly acknowledged and recorded."[7] See *Frost* v. *George*, 181 Mass.

---

[6]General Laws c. 244, § 35, the present-day version of Rev. Sts. (1836) c. 107, § 33, permits, after foreclosure of mortgages not containing a power of sale, recovery of a deficiency judgment, but such recovery "shall open the foreclosure, and the person entitled may redeem the land . . . if suit for redemption is brought within one year after the recovery of such judgment." See *Lawrence* v. *Fletcher*, 8 Met. 153, 165 (1844), *S.C.*, 10 Met. 344 (1845); *Boston* v. *Gordon*, 342 Mass. 586, 593 (1961). We also note that G. L. c. 244, § 21, provides for tender to prevent foreclosure under certain circumstances, provided the mortgagor commences suit for redemption. In the present case we are concerned, however, not with the operation of statutory provisions, but whether an agreement of the parties can be inferred in order to decide whether a redemption was effected.

[7]The present-day statute, G. L. c. 183, § 54, was amended by St. 1951, c. 698, eliminating reference to marginal notations of discharge. As further amended by St. 1984, c. 401, the section now states, in pertinent part: "The recordation of a duly executed and acknowledged deed of release or written acknowledgment of payment or satisfaction as provided herein shall be conclusive evidence that the mortgage has been discharged . . . ."

271, 273 (1902). The Bank thereby relinquished any interest it had acquired by its statutory entry and anyone claiming through it thereafter would be on record notice not only of the language of the releases, importing a continuing security interest, but also of the mortgage releasing effect of the marginal notation of discharge.[8]

Accordingly, we agree with the judge's conclusion that neither White nor Butler received anything from the deeds given them by the Bank.

*Judgments affirmed.*

---

[8]We intimate no opinion as to the effect, in the circumstances, had there been a good faith, diligent exercise of the power of sale pursuant to the statutory predecessors of G. L. c. 244, §§ 14-15, prior to the acts relied on by the judge as evidencing inconsistency with ownership. See G. L. c. 244, § 18. It has long been "common practice for mortgagees to use both [the foreclosure by entry and foreclosure by power of sale] methods concurrently," *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 69-70 (1933), since "proper execution of the former obviates any defects in the latter." *Hull* v. *Attleboro Sav. Bank*, 33 Mass. App. Ct. 18, 19 & n.3 (1992). See also *Grabiel* v. *Michelson*, 297 Mass. 227, 228-229 (1937); Park, Real Estate Law § 532 (2d ed. 1981).